## HUGULEY MANUFACTURING COMPANY *v.* GALETON COTTON MILLS.

APPEAL FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 94. Argued January 15, 1902.—Decided February 24, 1902.

By the act of March 3, 1891, the judgments and decrees of the Circuit Courts of Appeals are made final in all cases in which the jurisdiction of the Circuit Court as originally invoked, is dependent entirely on diversity of citizenship.

If after the jurisdiction has attached on that ground, issues are raised and decided, bringing the case within either of the classes defined in section five of the act, the case may be brought directly to this court, although it may be carried to the Circuit Court of Appeals, in which event the final judgment of that court cannot be reviewed in this court as of right.

If the jurisdiction of the Circuit Court rests solely on the ground that the suit arose under the Constitution, laws or treaties of the United States, then the jurisdiction of this court is exclusive, but if it is placed on diverse citizenship, and also on grounds independent of that, then if carried to the Circuit Court of Appeals, the decision of that court would not be made final by the statute.

The use of the words " or otherwise " in the statute, when it provides that cases in which the decrees or judgments of the Circuit Court of Appeals

are made final, may be brought here by " certiorari or otherwise," adds nothing to the power of this court, to so direct, as any order or writ in that behalf must be *ejusdem generis* with certiorari.

Pending this appeal, appellants applied for certiorari to perfect the record, on diminution suggested, which was granted, and the omissions supplied. This auxiliary writ did not operate to bring the case before the court or in itself to add any support to the appeal.

Appellants took no appeal from the Circuit Court directly to this court, even assuming that this could have been done. The sole ground on which the jurisdiction of the Circuit Court was invoked was diversity of citizenship and the decree of the Circuit Court of Appeals was made final by the statute. This appeal therefore could not be sustained.

THIS was a bill filed in the United States Circuit Court for the Northern District of Georgia, January 21, 1891, by J. J. Robinson as trustee, who averred that he was " a citizen of and resided in the State of Alabama," " against the Alabama and Georgia Manufacturing Company, a corporation created under and by virtue of the laws of the State of Georgia and a resident and citizen of said Northern District of Georgia; and against the Huguley Manufacturing Company, a corporation created under the laws of said State of Georgia, and a resident and citizen of said State of Georgia and of the Northern District of said State; and against W. T. Huguley, who your orator avers to be a citizen of said State of Georgia and residing within the said Northern District of Georgia."

The bill averred that on January 2, 1884, " the said Alabama and Georgia Manufacturing Company executed and delivered to said W. T. Huguley, W. C. Yancey, and your orator, as trustees, a certain deed of trust, conveying to said persons named, and to orator, all the property of the said Alabama and Georgia Manufacturing Company upon the terms and upon the trusts therein stated for the purpose of securing certain negotiable bonds of said company in the principal sum of sixty-five thousand dollars, and interest thereon, which deed of trust was accepted by said trustees and duly recorded." A copy of the trust deed was attached and conveyed certain real estate in the State of Georgia and certain real estate in the State of Alabama as therein described.

It was further averred that the bonds were duly issued by

the Alabama and Georgia Manufacturing Company and sold or otherwise disposed of; that the company was insolvent and had ceased to do business; that under and by virtue of a decree in chancery of the Superior Court of Troup County, Georgia, all the property of the manufacturing company covered by the deed of trust had been sold and purchased by certain persons who afterwards conveyed the same to the Huguley Manufacturing Company, and that the last-named corporation was now in the possession of the same; that the sale was made subject in all respects to the rights and lien of the trust deed for the holders of the first mortgage bonds; that W. T. Huguley, defendant herein, and named as one of the trustees for said bondholders, was interested in the purchase of said property, and in the property and assets of the Huguley Manufacturing Company, and adversely to complainant as trustee for said bondholders, and that the other trustee, W. C. Yancey, had departed this life since the execution and delivery of the deed of trust.

The bill then set up default on the part of the Alabama and Georgia Manufacturing Company in the payment of interest; the election of a majority of the bondholders to treat the whole of the principal sum named in the bonds as due; request of complainant to begin proceedings to secure the property pledged for the payment of the indebtedness, and which he deemed to " the best interest of the bondholders;" and prayed for an accounting, foreclosure, and sale of the property.

Defendants acknowledged service, and the two defendant companies filed a demurrer to the bill, which was subsequently overruled on hearing, Mr. Justice Lamar presiding. 48 Fed. Rep. 12. Answer was filed by these defendants and the bill taken as confessed as to W. P. Huguley. The cause subsequently went to final decree adjudging recovery on all the bonds and of foreclosure and sale, which decree was afterwards reversed by the Circuit Court of Appeals for the Fifth Circuit, 56 Fed. Rep. 690, because all the bonds were not due, acceptance of interest on some of them having waived default, and the cause remanded. Pending the appeal the property was purchased for the bondholders under the decree and $10,000 paid

into court by the purchasers as required by the decree, who organized a company under the name of the Galeton Cotton Mills, which corporation was placed in possession of the property and remained in such possession for a period of three years and six months. The decree of foreclosure having been vacated, the Circuit Court granted a petition on behalf of the Huguley Manufacturing Company to restore it to the possession of the property, on condition however that it pay into court the $10,000 which had been paid in by the purchasers. The Huguley Manufacturing Company did not comply with this condition, and a second decree of foreclosure was entered adjudging that, out of a total of one hundred and thirty bonds, ninety were due when the bill was filed, and forty were not then due because of waiver of default, though now due; that the property was indivisible and could not be sold to satisfy part of the bonds only; and that the proceeds of sale should be proportionately distributed on all the bonds. Thereupon an appeal was taken to the Circuit Court of Appeals, and the decree of the Circuit Court was affirmed. 72 Fed. Rep: 708.

A second foreclosure sale took place and the property was again purchased for the bondholders, and this sale was confirmed June 25, 1896. Defendants filed a petition for an accounting of the rents and profits from the time of the first sale, and an amendment thereto, and a reference was made to a special master, who on November 2, 1897, filed his report in which he found the Galeton Cotton Mills liable for rents and profits in the sum of $39,715.31. Exceptions were filed to the master's report by both parties. February 23, 1898, the exceptions of appellants were overruled and the exceptions of appellees sustained to the extent of reducing the master's finding to $35,857.54, and a decree to that effect was entered February 28, 1898. Thereafter the Circuit Court entered a decree that the rents and profits should be used in reduction of the mortgage debt, and later a decree fixing the amount of the mortgage debt and costs and directing the manner of applying thereto the rents and profits and the amount of cash already received and reserving all questions of costs and expenses not therein disposed of. 89 Fed. Rep. 218. At the last foreclosure sale a balance was left due on

the trust deed of $33,414.21. September 22, 1898, the purchaser at the second sale petitioned for a final conveyance, and on October 15, 1898, a decree was entered directing the completion of the sale by a cash payment, and conveyance. A motion was made to set aside this decree, which was overruled, whereupon an appeal was taken to the Circuit Court of Appeals. The appeal was heard, and the decree of the Circuit Court was on May 16, 1899, affirmed. 94 Fed. Rep. 269. Application was made to this court for a certiorari, which was denied October 30, 1899. 175 U. S. 726. May 12, 1900, an appeal to this court was allowed by Pardee, J., in order to preserve any possible rights of the applicants, although he expressly stated that he seriously doubted the right of appeal. Appellees moved to dismiss the appeal, the consideration of which motion was postponed to the hearing on the merits.

*Mr. John T. Morgan* for appellants.

*Mr. Louis D. Brandeis* for appellees. *Mr. William H. Dunbar* was on his brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

The act of March 3, 1891, c. 517, 26 Stat. 826, provides in section 6 that the Circuit Courts of Appeals shall have appellate jurisdiction to review judgments and decrees of the Circuit Courts in all cases in which a direct appeal is not allowed by section 5 to this court, and that the judgments and decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely on diversity of citizenship.

The jurisdiction referred to is the jurisdiction of the Circuit Court as originally invoked. *Colorado Central Mining Co.* v. *Turck,* 150 U. S. 138; *Press Publishing Company* v. *Monroe,* 164 U. S. 105; *Ex parte Jones,* 164 U. S. 691; *American Sugar Refining Company* v. *New Orleans,* 181 U. S. 277; *Arkansas* v. *Kansas & Texas Coal Company,* 183 U. S. 185.

If after the jurisdiction of the Circuit Court attaches on the ground of diversity of citizenship, issues are raised, the decision of which brings the case within either of the classes set forth in section five, then the case may be brought directly to this court; although it may be carried to the Circuit Court of Appeals, in which event the final judgment of that court could not be brought here as of right. *Loeb* v. *Columbia Trustees*, 179 U. S. 472. If the jurisdiction of the Circuit Court rests solely on the ground that the suit arises under the Constitution, laws or treaties of the United States, then the jurisdiction of this court is exclusive, but if it is placed on diverse citizenship, and also on grounds independent of that, then if carried to the Court of Appeals, the decision of that court would not be made final, and appeal or writ of error would lie. *American Sugar Company* v. *New Orleans*, 181 U. S. 277.

The general intention of the act was to distribute the appellate jurisdiction and to permit an appeal to only one court. *Robinson* v. *Caldwell*, 165 U. S. 359.

In this case appellants did not attempt to take an appeal directly to this court from the Circuit Court, nor could they have done so since no question was so raised as to bring the case within either of the classes named in section 5. *Cornell* v. *Green*, 163 U. S. 75. The ground on which the jurisdiction of the Circuit Court was invoked was solely diversity of citizenship, and the record does not show anything to the contrary, so that the decree of the Circuit Court of Appeals cannot be regarded otherwise than as made final by the statute.

The question before us is whether this appeal was properly granted and can be maintained. In all cases where the decree or judgment of the Circuit Court of Appeals is made final by the statute, an appeal does not lie, but any such case may be brought here " by certiorari or otherwise." The latter words add nothing to our power, for if some other order or writ might be resorted to, it would be *ejusdem generis* with certiorari. The writ is the equivalent of an appeal or writ of error as declared by the statute, and it is issued in the discretion of the court.

The record filed in this case June 25, 1900, was entirely in-

sufficient, and appellants applied for certiorari to perfect it by bringing up the alleged lacking portions. We granted that application, and the omissions were supplied. This auxiliary writ did not operate to bring the case before us or in itself to add any support to the appeal, which must stand or fall according as the statute did or did not allow it to be taken. Many matters are urged, such as alleged lack of indispensable parties below and so on, as reasons why an appeal ought to lie, but our jurisdiction depends on the statute and cannot be enlarged by the supposed hardship of particular cases. Finally, it is argued that a large part of the property dealt with by the decree is situated in the State of Alabama and it is said that therefore the decrees of both courts are void for want of jurisdiction over the subject matter.

As the Circuit Court had jurisdiction over the mortgagor company, the company claiming under it, and the surviving co-trustee of complainant, and the trust deed was made and executed in Georgia, where part of the property was situated, the courts below may have assumed that the case came within *Muller* v. *Dows*, 94 U. S. 444; *International Bridge Tramway Company* v. *Holland Trust Company*, 52 U. S. App. 240; and kindred cases.

But we need not discuss the validity of the decrees in this regard. If the point had been raised in the Circuit Court and its decision would have justified an appeal directly to this court, no such appeal was taken. If its existence in the record justified a review of the decree of the Circuit Court of Appeals, the proper course was to apply for a certiorari. That course was taken in this case, and the application was denied. In view of repeated and well considered decisions of this court, some of which we have cited, we are unable to find any ground on which this appeal can be sustained.

*Appeal dismissed.*