## UNION AND PLANTERS' BANK *v.* MEMPHIS.

### SAME *v.* SAME.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT AND FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

Nos. 67, 221. Submitted March 20, 1903.—Decided April 13, 1903.

Where diversity of citizenship does not exist and the jurisdiction of the Circuit Court rests solely on the ground that the cause of action arose under the Constitution of the United States, an appeal lies directly to this court, under section 5 of the Judiciary Act of 1891, and if an appeal should be presented to the Circuit Court of Appeals and there go to decree, this court will reverse the decree, not on the merits, but by reason of want of jurisdiction in that court. It is not the intention of the Judiciary Act of 1891 to allow two appeals in cases of that description.

The doctrine of *res judicata* under the decisions of the highest court of
Tennessee is not applicable to taxes for years other than those under
consideration in the particular case. The effect of a prior judgment of
a state court as *res judicata* is a question of state, and not of Federal
law.

Where a former judgment pleaded has no force or effect in the state courts
of Tennessee as exempting a corporation from certain taxes other than as
a bar to the *identical* taxes litigated in that suit, the courts of the United
States can accord it no greater efficacy.

THE Union and Planters' Bank of Memphis was incorporated
under a charter granted by the General Assembly of the State
of Tennessee in 1858, which contained the following provision :
"That said company shall pay an annual tax of one half of one
per cent on each share of stock subscribed, which shall be in
lieu of all other taxes." The corporation was located in the
city of Memphis, Shelby County, Tennessee, and that city, pur-
suant to an act of the legislature of Tennessee, assessed an *ad
valorem* tax for the year 1899, for municipal purposes, on the
capital stock of the bank. The bank, thereupon, filed its bill
in the Circuit Court of the United States for the Western Divi-
sion of the Western District of Tennessee, in which it was al-
leged that the law under which the assessment was made im-
paired the obligation of the contract created by the above-
quoted clause of the charter. The bill further averred that in
a former litigation between the bank and the city, wherein it
was sought to enforce a municipal assessment of taxes on the
capital stock of the bank for the years 1888, 1889 and 1890, it
was adjudged by the Supreme Court of Tennessee that by the
provision aforesaid the capital stock of the corporation was ex-
empt from all general taxation. The record and judgment in
that suit were set out in full, and pleaded as a final judicial de-
termination of the bank's exemption from the payment of *ad
valorem* taxes on its capital stock; and it was averred that the
judgment so pleaded was based on the identical claim of exemp-
tion now asserted, and on identically the same facts and condi-
tions under which this assessment was made.

The prayer was that the assessment be cancelled and com-
plainant be declared to be exempt from the payment to the city
of *ad valorem* taxes on its capital stock.

Defendants demurred, and the demurrer was sustained and the bill dismissed, November 6, 1900, whereupon complainant prayed and perfected an appeal to, and also took a writ of error from, the United States Circuit Court of Appeals for the Sixth Circuit, and the case was docketed there on or about November 27, 1900.

On February 11, 1901, complainant prayed and was granted an appeal from the decree of the Circuit Court directly to this court, the record was filed here, March 23, 1901, and the case is now No. 67.

The case in the Circuit Court of Appeals was heard June 10, 1901, and the decree below was affirmed October 21, 1901. 111 Fed. Rep. 561. Thereupon complainant, appellant in that court, prosecuted an appeal from its decree to this court, and the case was docketed here January 13, 1902, and is now No. 221.

Both cases were submitted, as one case, on printed briefs.

*Mr. William H. Carroll* and *Mr. Tim E. Cooper* for appellant.

*Mr. Luke E. Wright* and *Mr. John H. Watkins* for appellees.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

Diversity of citizenship did not exist, and the jurisdiction of the Circuit Court rested solely on the ground that the cause of action arose under the Constitution of the United States. The appeal lay directly to this court under section five of the Judiciary Act of March 3, 1891, and not to the Circuit Court of Appeals. *American Sugar Refining Company* v. *New Orleans*, 181 U. S. 277. Nevertheless an appeal having been prosecuted to the latter court and having there gone to decree, an appeal was allowed to this court because the judgment was not made final in that court by section six of the act. But the case being here, and the jurisdiction of the Circuit Court having

depended on the sole ground that it arose under the Constitution, we are constrained to reverse the decree of the Circuit Court of Appeals, not on the merits, but by reason of the want of jurisdiction in that court. If this were not so, the right to two appeals would exist in every similar case notwithstanding, as we have repeatedly held, that such was not the intention of the act. *Robinson* v. *Caldwell*, 165 U. S. 359; *Loeb* v. *Trustees*, 179 U. S. 472; *American Sugar Refining Company* v. *New Orleans, supra.*

In *Pullman's Palace Car Company* v. *Central Transportation Company*, 171 U. S. 138, an appeal was taken to this court and also to the Circuit Court of Appeals, and a motion was made in each court to dismiss the appeal, whereupon, by reason of the circumstances, we granted a writ of certiorari and brought up the record from the latter court before it had proceeded to decree. The question as to which was the correct route to reach this court became immaterial, and we disposed of the case on its merits. But in the present case the Circuit Court of Appeals went to decree, and we are obliged to deal with the appeal therefrom, in doing which the jurisdiction of that court necessarily comes under review.

The questions on the merits are, however, presented for disposition on the direct appeal from the Circuit Court.

In *Shelby County* v. *Union and Planters' Bank*, 161 U. S. 149, (1895,) it was decided that the capital stock of the bank was not exempt from *ad valorem* taxation by the provision of the charter in question and was liable to be taxed as the State might determine. *Bank of Commerce* v. *Tennessee*, 161 U. S. 134.

But the bank objects that notwithstanding this court has thus held that the exemption asserted does not exist, it must nevertheless be recognized, in this case, as existing, because it was so determined by the judgment pleaded as *res judicata.* The judgment thus relied on as a bar to this assessment is reported in *Memphis* v. *Union and Planters' Bank*, 91 Tennessee, 546, (1892,) which involved the assessment of municipal taxes, for the years 1887 to 1891 inclusive, on the capital stock of the bank, and a privilege tax for the years 1889, 1890 and 1891.

The Supreme Court of Tennessee there held in deference to the supposed scope of the decisions of this court in *Farrington* v. *Tennessee,* 95 U. S. 679, (1877,) and in *Bank* v. *Tennessee,* 104 U. S. 493, (1881,) that the bank was exempted by the charter from being assessed by the State, county, or municipality, for any taxes except as specified.

In *Bank* v. *Memphis,* 101 Tennessee, 154, (1898,) the conclusion announced in *Shelby County* v. *Bank,* 161 U. S. 149, was followed, and it was held to be the settled rule in Tennessee that the plea of *res judicata* is only applicable to the taxes actually in litigation, and is not conclusive in respect to taxes assessed for other and subsequent years. *State* v. *Bank,* 95 Tennessee, 221, 231.

As the judgment relied on as *res judicata* was not so regarded in *Shelby County* v. *Bank,* it could not be properly so regarded in the present case; but, apart from that, it is enough that in Tennessee the doctrine of *res judicata* is not applicable to taxes for years other than those under consideration in the particular case, inasmuch as what effect a judgment of a state court shall have as *res judicata* is a question of state or local law, and the taxes involved in this suit are taxes for years other than those involved in the prior adjudication. *Phœnix Fire and Marine Insurance Company* v. *Tennessee,* 161 U. S. 174.

In *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, referred to by appellant's counsel, no claim was made that the judgment relied on would not have been *res judicata* in the state courts, and attention was particularly called to the fact that the rule in Louisiana was in accord with the conception of *res judicata* expounded in that case.

As the judgment pleaded had no force or effect in the Tennessee state courts other than as a bar to the identical taxes litigated in the suit, the courts of the United States can accord it no greater efficacy. *Cooper* v. *Newell,* 173 U. S. 555 ; *Metcalf* v. *Watertown,* 153 U. S. 671 ; *Chicago & Alton R. R. Co.* v. *Wiggins Ferry Co.,* 108 U. S. 18 ; Rev. Stat. § 905.

The litigation over the alleged exemption has been protracted, and many decisions have been rendered in this court and in the highest tribunal of Tennessee in respect of it. They are re-

viewed by Lurton, J., in the Circuit Court of Appeals, 111 Fed. Rep. 561.

*Decree of the Circuit Court in No. 67 affirmed.*

*Decree of the Circuit Court of Appeals in No. 221 reversed with a direction to dismiss the appeal and writ of error.*