McMILLAN CONTRACTING COMPANY ET AL. v.
ABERNATHY ET AL.

McMILLAN CONTRACTING COMPANY ET AL. v.
HAGERMAN.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF MISSOURI, TRANSFERRED
FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH
CIRCUIT.

Nos. 167 and 168. Motions to dismiss and to remand submitted
October 8, 1923.—Decided January 7, 1924.

1. A case in which the jurisdiction of the District Court was invoked
by the plaintiff upon the sole ground of a constitutional question,
is appealable to this Court exclusively (Jud. Code, § 238); and the
presence of other questions, that are not federal questions adequate
in themselves to support the original jurisdiction, can afford no
ground for appeal to the Circuit Court of Appeals.   P. 440.
2. Where a final decree of the District Court which is reviewable
only by direct appeal to this Court has been erroneously taken to
the Circuit Court of Appeals, it cannot be transferred to this
Court under the Act of September 14, 1922, Jud. Code, § 238a,
if the time (3 months) allowed for direct appeal here from the
District Court had expired when the appeal to the Circuit Court
of Appeals was taken.   P. 442.

Appeals to review 284 Fed. 354, remanded.

APPEALS taken to the Circuit Court of Appeals from de-
crees of the District Court enjoining collection of taxes,
and transferred by the former court to this Court.

*Mr. Justin D. Bowersock* and *Mr. Arthur Miller,* for
appellants, in support of the motions to remand and in
opposition to the motions to dismiss.   *Mr. Samuel J. Mc-
Culloch, Mr. Frank P. Barker, Mr. G. V. Head* and *Mr.
Hunter M. Meriwether* were also on the briefs.

·Mr, O. H. Dean, Mr. H. M. Langworthy, Mr. Roy B.
Thomson and Mr. Melville W. Borders, for appellees in
No. 167, in support of the motion to dismiss and in oppo-
sition to the motion to remand.

Mr. Albert S. Marley, for appellee in No. 168, in sup-
port of the motion to dismiss and in opposition to the
motion to remand.

Mr. Chief Justice Taft delivered the opinion of the
Court.

These were two bills in equity in the United States
District Court brought by citizens of Missouri to enjoin
citizens of the same State from proceeding to collect spe-
cial assessments, of the necessary jurisdictional amount
in each case, against complainants' lands in Kansas City
for a public improvement, on the ground that the city
charter and laws under which the assessments were levied
were in conflict with the Fourteenth Amendment of the
Federal Constitution. This was the only basis for the
jurisdiction of the District Court. The bills also averred
that the assessments did not comply with the laws under
which they purported to be levied. The defendants in
their answers, in addition to a denial of the averments
upon which the relief was asked, pleaded a former ad-
judication of the same causes of action in a Missouri
State Court.

The District Court held with the complainants that
the charter and laws as carried out in levying the assess-
ments violated the Fourteenth Amendment, overruled
the plea of res judicata and granted the injunction as
prayed. Appeals were perfected to the Circuit Court
of Appeals. The appellees moved to dismiss the appeals.
They contended that the jurisdiction of the appeals was
exclusively in this Court. The Circuit Court of Appeals
agreed with them in this but declined to dismiss the

appeals because of an Act of Congress approved September 14, 1922, c. 305, 42 Stat. 837, amending § 238 Jud. Code, by adding a new § 238a, in part as follows:

"If an appeal or writ of error has been or shall be taken to, or issued out of, any circuit court of appeals in a case wherein such appeal or writ of error should have been taken to or issued out of the Supreme Court; . . . such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, which shall thereupon be possessed of the same and shall proceed to the determination thereof, with the same force and effect as if such appeal or writ of error had been duly taken to, or issued out of, the court to which it is so transferred."

An order was accordingly made transferring the appeals to this Court. The final decrees of the District Court were entered of record July 7, 1921. The three months in which an appeal could have been taken from that court to this expired on the following October 7 (39 Stat. 727, c. 448, § 6). The appeals to the Circuit Court of Appeals were allowed January 4, 1922.

The appellants move to remand the appeals to the Circuit Court of Appeals with direction to consider them on their merits. The appellees insist that the new § 238a does not apply to the appeals, that they were improperly transferred, and should be remanded with instructions to dismiss.

Two questions are thus presented for our decision:

1st, Did the Circuit Court of Appeals have jurisdiction of the appeals?

2nd, If not, should it have dismissed them instead of transferring them to this Court?

First. The Circuit Courts of Appeals were created by the Act of March 3, 1891, c. 517, 26 Stat. 826. The division of the appellate business between the new courts and this Court was originally provided for in §§ 5 and 6 of

that act. Their substance, with amendments not here: material, is now embodied in §§ 238, 128, 239, 240 and 241 of the Judicial Code. Section 238 provides for direct appeals from the District Court to this Court in certified questions of jurisdiction of the District Court, in prize cases, and in all cases in which federal constitutional or treaty questions are involved. Section 128 gives the Circuit Courts of Appeals appellate jurisdiction in all cases other than those in which direct appeals may be taken to this Court under § 238, "unless otherwise provided by law." Except where under § 239 a question may be certified to this Court by a Circuit Court of Appeals, or when under § 240 this Court may bring up a case from the Circuit Court of Appeals by certiorari, the judgments of the Circuit Court of Appeals in cases in which jurisdiction of the District Court is dependent entirely on the diverse citizenship of the parties, in patent and copyright cases, in revenue cases, in criminal cases and in admiralty cases, are made final by § 128. Certain other cases specified in the Act of January 28, 1915, c. 22, § 2, 38 Stat. 803, amending § 128, and in the Act of September 6, 1916, c. 448, § 3, 39 Stat. 726, are also made final in the Circuit Court of Appeals. Judgments of the Circuit Court of Appeals not thus made final and in which more than $1,000 is involved, may be appealed to this Court under § 241.

The Act of 1891 was passed to relieve this Court from a discouraging congestion of business. It was evidently intended that the Circuit Court of Appeals should do a large part of the appellate business. The act was not happily drawn in defining the division of it between those courts and this Court and many difficulties have arisen. It suffices here to say that, under an unbroken line of authorities, when the plaintiff invokes the jurisdiction of the Federal District Court on the sole ground that his case is one in which a substantial federal constitutional

or treaty question arises, this Court has exclusive appellate jurisdiction thereof under § 238. *American Refining Co.* v. *New Orleans,* 181 U. S. 277, 281; *Huguley Mfg. Co.* v. *Galeton Cotton Mills,* 184 U. S. 290, 295; *Union & Planters' Bank* v. *Memphis,* 189 U. S. 71, 73; *Spreckels Sugar Refining Co.* v. *McClain,* 192 U. S. 397, 407; *Carolina Glass Co.* v. *South Carolina,* 240 U. S. 305, 318; *Raton Water Works Co.* v. *Raton,* 249 U. S. 552, 553; *Lemke* v. *Farmers Grain Co.,* 258 U. S. 50, 52.

It is said that there were two other questions involved in these present cases in the District Court in addition to the federal constitutional question, one of conformity of the assessments to the city charter and state law and the other of *res judicata.* But they were not federal questions upon which the jurisdiction of the federal trial court could rest, and therefore could furnish no ground for appeal to the Circuit Court of Appeals under § 128 or other provision of law. To avoid the exclusive appellate jurisdiction of this Court over such an appeal in constitutional or treaty questions under § 238, there must be diversity of citizenship of the parties or the other questions involved must be federal and adequate themselves to support the original jurisdiction. This was expressly ruled in *Lemke* v. *Farmers Grain Co.,* 258 U. S. 50, 53; s. c. *sub nomine Farmers' Grain Co.* v. *Langer,* 273 Fed. 635; and obviously follows from the decisions in *Lovell* v. *Newman & Son,* 227 U. S. 412; *City of Pomona* v. *Sunset Telephone Co.,* 224 U. S. 330, and *Spreckels Sugar Refining Co.* v. *McClain,* 192 U. S. 397, 407.

We conclude that the Circuit Court of Appeals had no jurisdiction of the appeals in these cases and that they should have been dismissed, unless the Act of September 14, 1922, required that court to transfer them.

Second. When the Act of September 14, 1922, was passed, the three months allowed for appeals to this Court in these cases had expired. Appellees urge that even if

the act in terms must be held to apply to these cases, it would be beyond the power of Congress thus to deprive the appellees of their property in the decrees which had vested when the three months had expired.

We do not find it necessary to consider this question or the kindred one whether the Act of 1922 ought to be construed to be prospective and so not to include these appeals. We prefer to put our conclusion on a construction of the act which shall have general application and of which all litigants may have early notice. The time allowed by law for appeals from the District Court to the Circuit Courts of Appeals is in general six months (§ 11, Act of March 3, 1891, 26 Stat. 826, 829, c. 517) or double that allowed for appeals to this Court. We do not think the Act of 1922 applies to any case in which the appeal to the Circuit Court of Appeals is taken after the period for appeals to this Court has expired. Otherwise the act will enable one who negligently has allowed his right of appeal to this Court to go by, to take his appeal to the Circuit Court of Appeals and by transfer get into this Court, and thus lengthen the time for direct appeals to this Court from three to six months. This result we can not assume Congress intended.

As the appeals to the Circuit Court of Appeals were not taken within three months after the decrees appealed from were entered, that court had no power to order a transfer to this Court.

The cases are, therefore, remanded to the Circuit Court of Appeals.