## UNITED STATES & CUBAN ALLIED WORKS ENGINEERING CORPORATION *v.* LLOYDS, A CORPORATION, AS TREASURER OF LLOYDS UNDERWRITERS SYNDICATE NO. 601, ET AL.

ON TRANSFER FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 940.   Motion to dismiss or remand submitted May 26, 1924.— Decided June 9, 1924.

A case cannot be transferred to this Court from the Circuit Court of Appeals, under the Transfer Act of September 14, 1922, if the writ of error from that court was sued out after the expiration of the period allowed by the Act of September 6, 1916, for applying to this Court for process to review the judgment of the District Court. *McMillan Co.* v. *Abernathy,* 263 U. S. 438.   P. 456.

Case remanded to Circuit Court of Appeals.

A JUDGMENT of the District Court, quashing the service of summons in an action on a marine insurance policy, was taken by writ of error to the Circuit Court of Appeals, which, believing itself without jurisdiction, ordered the case transferred to this Court.

*Mr. Herbert Barry* and *Mr. Archibald G. Thacher,* for defendants in error, in support of the motion to dismiss or remand.

Mr. Chief Justice Taft delivered the opinion of the Court.

Averring that it was the owner of a floating dry dock at Havana, Cuba, which had sunk and become a total loss, plaintiff in error, a Delaware corporation, filed its bill of complaint in the District Court of the United States for the Southern District of New York to recover upon a policy of marine insurance covering the dock. The policy was alleged to have been issued by certain enumerated Lloyds Underwriters Syndicates, each transacting business as an unincorporated association of more than seven persons under the name and style of Lloyds Underwriters, Lloyds, Lloyds London, or Underwriting Members of Lloyds. The service of process was made upon one Fowler, agent in New York City for Lloyds, a corporation alleged to be the treasurer, or acting as the treasurer, for each of the underwriting associations. The corporation Lloyds, appearing specially, moved to quash the service on the grounds that the policy sued upon constituted the separate and not joint contracts of the individual underwriters who had signed the same; that Lloyds was not the treasurer or acting in the capacity of treasurer for the underwriters upon said policy or for any association or associations of underwriters, and that the service on Fowler, as its agent, was therefore null and void. Plaintiff challenged these assertions and urged that the service in question was valid under the provisions of a New York statute authorizing service to be made upon unincorporated associations consisting of more than seven persons by delivery of process to the president or treasurer of the association or upon the person acting in such capacity.

The District Court, being of opinion that defendant's objections were well taken, made and signed an order on April 10, 1923, quashing the service as of no effect. More

than three months thereafter, to wit, on October 11, 1923, plaintiff was allowed a writ of error from the Circuit Court of Appeals to review said order. When the writ of error came on for hearing in the Court of Appeals, that court held that it was without jurisdiction to entertain it as the sole question presented by the record concerned the jurisdiction of the District Court and review could be had only in this Court. It accordingly ordered the case transferred to this Court pursuant to the Act of September 14, 1922, c. 305, 42 Stat. 837, which provides that where on appeal or writ of error a case is taken from a district court to the wrong appellate court, that is, to a circuit court of appeals, when it should have been taken directly to this Court, or to this Court when it should have been taken to a circuit court of appeals, the appeal or writ of error shall not for that reason be dismissed but shall be transferred to the proper court, which shall thereupon proceed with the case as though review had originally been sought in that court.

Appellee now moves in this Court to dismiss the writ of error, or in the alternative to remand the cause to the Circuit Court of Appeals, because the writ was not sued out until after the expiration of the three months' period following entry of the judgment or decree complained of within which, under § 6 of the Act of September 6, 1916, c. 448, 39 Stat. 726, 727, a writ of error, appeal, or writ of certiorari must be applied for to give this Court jurisdiction to entertain it. In support of its motion, appellee relies upon the recent decision of this Court in *McMillan Co.* v. *Abernathy,* 263 U. S. 438, wherein it was said (p. 443):

"We do not think the Act of 1922 applies to any case in which the appeal to the Circuit Court of Appeals is taken after the period for appeals to this Court has expired. Otherwise the act will enable one who negligently allowed his right of appeal to this Court to go by,

to take his appeal to the Circuit Court of Appeals and by transfer get into this Court, and thus lengthen the time for direct appeals to this Court from three to six months. This result we can not assume Congress intended."

In view of this ruling, it is obvious that the failure in the present case to sue out the writ of error until after the expiration of three months from the entry of the District Court's order deprives this Court of jurisdiction to entertain the writ, and that the transfer of the case from the Circuit Court of Appeals to this Court was without sanction in the Act of 1922. We can only send the case back to the Circuit Court of Appeals for its disposition.

The motion to dismiss is therefore denied, and the cause is remanded to the Circuit Court of Appeals.