### BERRY v. DAVIS et al.

### BERRY, County Registrar, et al. v. SAME.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1926.)

Nos. 7068, 7069.

**1. Courts ☜299.**

Petition for mandamus, alleging county and precinct registrar had refused to register negroes for presidential election, *held* sufficient to invoke federal court jurisdiction.

**2. Courts ☜385(5)—Supreme Court has exclusive jurisdiction of appeal from judgment of District Court on petition for mandamus to compel county and precinct registrars to register negro voters (Const. Amend. 14, 15; Judicial Code, §§ 24 [11], 238, 262 [Comp. St. §§ 991 [11], 1215, 1239).**

Petition for mandamus to compel county and precinct registrars to register negro voters for presidential election *held* to involve dispute under Const. Amend. 14 and 15, whereby Judicial Code, §§ 24 (11), 262 (Comp. St. §§ 991 [11], 1239), vested District Court with jurisdiction, and under section 238 (Comp. St. § 1215) jurisdiction to review judgment is exclusive in Supreme Court.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

Mandamus by D. D. Davis and others against Tom Hill, County Registrar, for whom W. N. Berry was substituted as party defendant, and against B. A. Taylor, Precinct Registrar. Judgment granting peremptory writ, and W. N. Berry brings error, and W. N. Berry and B. A. Taylor also bring error. On motion to dismiss the writs of error. Motion granted.

Charles E. McPherren, of Oklahoma City, Okl., and Sid White, of Okemah, Okl. (White & Nichols, of Okemah, Okl., and Lydick & McPherren and Irvin L. Wilson, all of Oklahoma City, Okl., on the brief), for plaintiffs in error.

J. J. Bruce, of Muskogee, Okl. (Bruce & Brewer, of Muskogee, Okl., and Spencer Adams, of Okmulgee, Okl., on the brief), for defendants in error.

Before SANBORN, STONE, and KENYON, Circuit Judges.

SANBORN, Circuit Judge. The defendants in error in these cases have made motions to dismiss them on the ground that the judgment and order of the United States District Court challenged by the writs was rendered in a "case that involves the construction or the application of the Constitution of the United States" (section 238, Judicial Code [section 1215, Compiled Statutes]); and the jurisdiction of the District Court below rested solely on the fact that the suit "arises under the Constitution or laws of the United States" (section 24 [1], [11], Judicial Code [section 991 (1), (11), Compiled Statutes]).

In Raton Waterworks Co. v. Raton, 249 U. S. 552, 39 S. Ct. 384, 63 L. Ed. 768, decided May 5, 1919, the parties were both corporations of New Mexico, and the jurisdiction of the District Court to entertain the suit was based solely on the ground that it was one arising under the Constitution of the United States. The case was presented to the Supreme Court on a certificate from this court, and the Supreme Court said:

"Resulting from these conditions the question which the certificate propounds is this: 'Has this court [the Circuit Court of Appeals] jurisdiction of the appeal?' The solution of the question is free from difficulty, since whatever at one time may have been the basis for hesitancy concerning the question the necessity for a negative answer is now conclusively manifest as the result of a line of decisions determining that, under the circumstances as stated, the Circuit Court of Appeals was without jurisdiction of the appeal, as the exclusive power to review was vested in this court. Judicial Code, §§ 128, 238; American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281 [21 S. Ct. 646, 45 L. Ed. 859]; Huguley Manufacturing Co. v. Galeton Cotton Mills, 184 U. S. 290, 295 [22 S. Ct. 452, 46 L. Ed. 546]; Union & Planters' Bank v. Memphis, 189 U. S. 71, 73 [23 S. Ct. 604, 47 L. Ed. 712]; Vicksburg v. Vicksburg Waterworks Co., 202 U. S. 453, 458 [26 S. Ct. 660, 50 L. Ed. 1102, 6 Ann. Cas. 253]; Carolina Glass Co. v. South Carolina, 240 U. S. 305, 318 [36 S. Ct. 293, 60 L. Ed. 658]."

In McMillan Contracting Co. v. Abernathy, McMillan, etc., Co. v. Hagerman, 263 U. S. 438, 44 S. Ct. 200, 68 L. Ed. 378, and Fidelity National Bank & Trust Co. v. Swope (C. C. A.) 284 F. 354, the decree of the District Court was, as it is in this case, in favor of the complainants, and the question was again presented, this court said on October 23, 1922:

"It is settled that, where the jurisdiction of the court depends only upon the ground that the cause of action arises under the Constitution of the United States, the Circuit Court of Appeals has no jurisdiction to review the case, as an appeal in such a case must be sought in the Supreme Court of the United States, under sections 128 and 238 of the Judicial Code (Comp. St. §§ 1120, 1215). American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281, 21 S. Ct. 646, 45 L. Ed.

859; Huguley Mfg. Co. v. Galeton Cotton Mills, 184 U. S. 290, 295, 22 S. Ct. 452, 46 L. Ed. 546; Union & Planters' Bank v. Memphis, 189 U. S. 71, 73, 23 S. Ct. 604, 47 L. Ed. 712; Vicksburg v. Waterworks Co., 202 U. S. 453, 458, 26 S. Ct. 660, 50 L. Ed. 1102, 6 Ann. Cas. 253; Carolina Glass Co. v. South Carolina, 240 U. S. 305, 318, 36 S. Ct. 293, 60 L. Ed. 658; Raton Waterworks Co. v. Raton, 249 U. S. 552, 553, 39 S. Ct. 384, 63 L. Ed. 768; Lemke v. Farmers' Grain Co., 258 U. S. 50, 42 S. Ct. 244, 66 L. Ed. 458; Grammer v. Fenton [C. C. A.] 268 F. 943, 945."

This court transferred the cases decided under the paragraph just quoted to the Supreme Court, under section 238a of the Judicial Code as added by Act Sept. 14, 1922 (Comp. St. § 1215a). That court said: "It suffices here to say that, under an unbroken line of authorities, when the plaintiff invokes the jurisdiction of the federal District Court on the sole ground that his case is one in which a substantial federal constitutional or treaty question arises, this court has exclusive appellate jurisdiction thereof under section 238." The Supreme Court concluded that this court had no jurisdiction of the cases, and should have dismissed them, but it refused to consider the merits of the cases, because the parties had not applied for their appeals until after the expiration of the three months from the dates of the decrees then allowed for applications for direct review by the Supreme Court. McMillan Co. v. Abernathy, 263 U. S. 438, 441, 442, 44 S. Ct. 200, 68 L. Ed. 378.

The Fourteenth Amendment to the Constitution provides that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, * * * nor deny to any person within its jurisdiction the equal protection of the laws."

The Fifteenth Amendment declares that: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of race, color, or previous condition of servitude."

The Congress of the United States by section 24 (11), Judicial Code, vested the United States District Courts with jurisdiction of all suits "to enforce the right of citizens of the United States to vote in the several states," and by section 262 of the Judicial Code (section 1239, Compiled Statutes), empowered them "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions," and the writ of mandamus is one of these writs.

Chief Justice Marshall said: "A case in law or equity consists of the right of the one party, as well as of the other, and may truly be said to arise under the Constitution or a law of the United States, whenever its correct decision depends on the construction of either." Cohens v. Virginia, 6 Wheat. (19 U. S.) 264, 379 (5 L. Ed. 257). To the same effect are Osborn v. U. S. Bank, 9 Wheat. (22 U. S.) 737, 822, 6 L. Ed. 204, and Blackburn v. Portland Gold Min. Co., 175 U. S. 571, 580, 20 S. Ct. 222, 44 L. Ed. 276. In American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281, 21 S. Ct. 646, 648 (45 L. Ed. 859) the Supreme Court declared that a case arises under the Constitution of the United States "where it appears on the record, from plaintiff's own statement, in legal and logical form, such as is required by good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction or application of the Constitution, or some law, or treaty of the United States."

[1, 2] The defendants in error claim that this action "arises under the Constitution or laws of the United States," and is founded thereon (section 24 [1], Judicial Code), and that it "involves the construction or the application of the Constitution of the United States" (section 238, Judicial Code), and that the jurisdiction of the district court below rests solely upon that fact. No diversity of citizenship or other basis of its jurisdiction was pleaded or claimed. The defendants in error, the petitioners below, on October 21, 1924, filed in the District Court against the county registrar and the precinct registrar of qualified voters in the petitioners' county and precinct a petition for a writ of mandamus to require them to register the petitioners so that they could vote for presidential electors and a congressman at the general election of November 4, 1924. In that petition they alleged that defendants, the registrars, had charge of the registration of the qualified voters in their county and precinct under the laws of the state of Oklahoma and of the United States; that it was their duty to register all qualified voters and to issue to them registration certificates; that registration certificates of the petitioners were indispensable under the laws to the exercise of their right to vote; that they were qualified electors in their county and precinct, entitled to vote at the general election of November 4, 1924; that they had presented themselves to the defendant registrars and requested them to register the petitioners, and had produced to the registrars plenary proof of their qualifications, and the regis-

trars had willfully refused to register them on account of their race and color and for the sole reason that they were negroes; that they were entitled to vote on November 4, 1924, for presidential electors and a member of Congress; that these refusals of the registrars to register them and to issue to them registration certificates constituted an unjust discrimination against them; and that, unless the United States District Court required these registrars to register the petitioners and to issue to them registration certificates, this discrimination would deprive them of their right to vote at the November election, and deprive them of the equal protection of the laws, and that they had no other adequate remedy than the writ of mandamus they prayed. They prayed that the court issue its writ of mandamus, and thereby require the defendants, the registrars, to perform their constitutional and statutory duties to register them, and to issue registration certificates to them, so that they could vote as required by law and the Constitution of the United States. This petition was duly verified, and was clearly sufficient to invoke the jurisdiction and power of the District Court to consider and decide whether the Constitution and laws of the United States granted to it the jurisdiction and imposed upon it the duty to require the defendant registrars to demur or answer to this petition. It was of the opinion they did. It accordingly issued its alternative writ of mandamus requiring the registrars to register the petitioners or to show cause why they should not do so. The parties to the suit produced their witnesses, who were sworn and testified. The court found that the averments of the petition were true, that the registrars had refused to register the petitioners solely on account of their race and color, that the petitioners by such refusal had been denied the equal protection of the Constitution of the United States and of its laws, and issued its peremptory mandamus requiring the registrars to register the petitioners, who were qualified voters, and we are informed that the registrars obeyed the writ and those petitioners voted.

The judgment and order for the peremptory writ were made and recorded on November 3, 1924. The plaintiff in error Berry in No. 7068 sued out his writ of error to review that judgment and order on April 20, 1925, and the plaintiffs in error Berry and Taylor sued out their writ of error for the same purpose on April 29, 1925. Each of these writs was sued out after the expiration of the three months then allowed for direct writs of error from the Supreme Court to review the judgment and order, and no other application for writ of error or appeal was made. On December 4, 1925, counsel for all the parties filed in this court in these cases a stipulation that, among other things, "one of the questions involved in this appeal is a construction and application of the Constitution of the United States," and they prayed that these "causes may be transferred from this, the United States Circuit Court of Appeals, to the Supreme Court of the United States as provided by sections 238 and 238a of the Judicial Code." This stipulation and prayer were considered by this court, but the Supreme Court had theretofore decided that, where no appeal or writ of error had been applied for or taken to either the Supreme Court or the Circuit Court of Appeals until the expiration of the three months then allowed for a direct appeal or writ of error to the Supreme Court, the Circuit Court of Appeals had no power or authority to certify the case to the Supreme Court (McMillan Co. v. Abernathy, 263 U. S. 438, 443, 44 S. Ct. 200, 68 L. Ed. 378; U. S. & Cuban Co. v. Lloyds, 265 U. S. 454, 456, 44 S. Ct. 614, 68 L. Ed. 1103), and this court denied the prayer in the stipulation in deference to the decisions of the Supreme Court in those cases.

In our opinion it clearly appears on the record in these cases from the petitioners' statement in their petition in legal and logical form, such as is required by good pleading, that this suit really and substantially involves a dispute or controversy as to a right which depends on the construction and application of the Constitution of the United States, and that the jurisdiction of the district court rested solely upon that fact. The result is that, in accord with the authorities cited in the earlier part of this opinion, our conclusion is that the jurisdiction to review the judgment and order of the District Court was exclusively in the Supreme Court of the United States, and this court had no such jurisdiction or power.

The motion to dismiss the writs must therefore be granted; and it is so ordered.