**GALLARDO, Treasurer of Porto Rico, v. SANTINI FERTILIZER CO.**

(Circuit Court of Appeals, First Circuit. December 18, 1926.)

No. 1862.

1. **Courts** ⬅➡405(7)—**Supreme Court has exclusive jurisdiction of appeal in case where federal court's jurisdiction was acquired because local law violated federal Constitution (Pol. Code Porto Rico, §§ 294, 295, 297).**

Circuit Court of Appeals is without jurisdiction of appeal in case wherein federal court acquired jurisdiction on ground that Pol. Code Porto Rico, §§ 294, 295, 297 (Rev. St. & Codes 1913, §§ 2946, 2947, 2949), was in violation of United States Constitution; appeal therefrom lying only to Supreme Court.

2. **Courts** ⬅➡405(7)—**Case involving construction of federal Constitution will be transferred under law in effect at time appeal was allowed (Act Feb. 13, 1925 [43 Stat. 936]; Comp. St. § 1215a).**

Where appeal in case involving construction of federal Constitution was allowed before Act Feb. 13, 1925 (43 Stat. 936), took effect, case must be transferred to Supreme Court, under Act Sept. 14, 1922 (Comp. St. § 1215a).

Appeal from the District Court of the United States for the District of Porto Rico; Odlin, Judge.

On rehearing. Decree vacated, and cause transferred to Supreme Court.

For former opinion, see 11 F.(2d) 587.

Russell H. Brennan and Col. William Cattron Rigby, both of Washington, D. C., for appellant.

Nelson Gammans, of New York City, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a bill in equity brought by the Santini Fertilizer Company against Juan G. Gallardo, treasurer of Porto Rico, in which, among other things, it seeks to restrain him from collecting a tax assessed against the plaintiff for the year 1923–1924, and from assessing and collecting from it for the fiscal year 1924–1925 and subsequent years a property tax upon goods in its hands in the original packages in which the same was imported by it from foreign countries. In the bill it is alleged that the plaintiff for several years has been engaged in the business of importing goods from foreign countries; that on January 15, 1923, it had on hand in its warehouse in the city of San Juan merchandise in the original bags in which the same had been imported from Germany and France by

it, the aggregate value of which was $26,131, and upon which the defendant assessed a tax; that on January 15, 1924, it had on hand in its warehouse merchandise in the original packages, likewise held and imported by it from foreign countries, which the defendant threatens to tax; and that said acts done and threatened to be done are illegal and without warrant of law; for sections 294, 295, and 297 of the Political Code of Porto Rico (Rev. St. & Codes 1913, §§ 2946, 2947, 2949), under which the defendant purports to take the action and make the alleged threats, as construed by the tax officials of Porto Rico, impose a tax upon merchandise so imported and held by the importer in violation of the Constitution of the United States.

[1] There was no allegation of diverse citizenship, and diverse citizenship does not exist. The jurisdiction of the District Court was invoked solely upon the ground that the controversy involved the construction or application of the federal Constitution. The decree appealed from was entered March 21, 1925, and the appeal to this court was allowed April 7, 1925. Section 238 of the Judicial Code (Comp. St. § 1215), as in force at the date of the appeal, provided for appeals directly from the District Court to the Supreme Court in any case that involved the construction or application of the Constitution of the United States. As, according to the allegations of the bill, the jurisdiction of the District Court was invoked upon the

16 F.(2d)—24

ground that the controversy involved the construction or application of the Constitution, and that alone, this court is without jurisdiction to entertain the appeal, for in such cases an appeal lies only to the Supreme Court. Carolina Glass Company v. South Carolina, 240 U. S. 305, 318, 36 S. Ct. 293, 298 (60 L. Ed. 658). In that case it was said: "This writ brings up a judgment rendered by the Circuit Court of Appeals, Fourth Circuit, affirming the same final judgment of the District Court considered in No. 205, supra, 206 F. 635. There is no allegation of diverse citizenship and the trial court's jurisdiction was invoked solely upon the ground that the controversy involved application of the federal Constitution. In such circumstances the Circuit Court of Appeals is without jurisdiction to review. Union & Planters' Bank v. Memphis, 189 U. S. 71, 73 [23 S. Ct. 604, 47 L. Ed. 712]."

[2] The appeal having been allowed before the Act of February 13, 1925, c. 229 (43 Stat. 936), took effect, the case must be transferred to the Supreme Court under the Act of September 14, 1922, c. 305, 42 Stat. 837, being Comp. St. § 1215a (Salinger, Jr., v. United States, 47 S. Ct. 173, 71 L. Ed. ——, decided by the Supreme Court November 23, 1926), and our previous order herein revoked.

Our decree in this case of March 3, 1926, is set aside, and the case is transferred to the Supreme Court.