## THE KNAPPINGSBORG.

### ROLIM v. AXTIEB.

District Court, E. D. New York. May 5, 1928.

No. 10693.

1. **Courts** ⟨➡⟩356(6)—**Libelant, mistakenly appealing to Supreme Court in case involving jurisdiction, held not entitled to order amending record after expiration of three months allowed for appeal (28 USCA § 230).**

After passage of Act Feb. 13, 1925, c. 229, § 8 (c), 28 USCA § 230, abolishing direct appeal to United States Supreme Court in cases involving jurisdiction, and reducing time in which appeal could be taken to three months, libelant, mistakenly appealing to Supreme Court, was not entitled, after expiration of three months, to order amending notice of appeal, so as to permit appeal to proper court, in that it did not constitute a motion to correct a typographical error, nor error of any kind, except apparent ignorance of change brought about by law, and allowance of motion would amount to permitting appeal to Circuit Court of Appeals nunc pro tunc.

2. **Admiralty** ⟨➡⟩5—**District Court had discretion to refuse jurisdiction of controversy between seaman employed on foreign vessel and employer.**

District Court, in exercise of discretion, had right to refuse to entertain jurisdiction of controversy between a seaman employed on a foreign vessel and his employer, the shipowner.

In Admiralty. Libel by Alfredo Da Rocha Rolim against the Swedish vessel Knäppingsborg, wherein H. Uner Axtieb, Swedish Consul, intervened. On motion for an order amending notice of appeal after decree of dismissal. Motion denied.

Silas B. Axtell, of New York City (Myron Scott, of New York City, of counsel), for libelant.

Haight, Smith, Griffin & Deming, of New York City (Wharton Poor and James McKown, Jr., both of New York City, of counsel), for respondent.

CAMPBELL, District Judge. This is a motion for an order amending the notice of appeal. Libelant, a Brazilian seaman, employed on the Swedish vessel Knäppingsborg, filed a libel against that vessel to recover $75,000 for injuries alleged to have been sustained on board that vessel.

The Swedish consul intervened and requested this court not to take jurisdiction of the libel, on the ground that the Knäppingsborg was a Swedish vessel, and that the controversy was, therefore, one between a seaman employed on a foreign vessel and his employer, the shipowner, and on the further ground that insurance in favor of the seaman was compulsory under the Swedish law, which provided an exclusive remedy against either the ship or her owner. The motion to dismiss was granted by a judge of this court, after argument, on the authority of The Falco (C. C. A.) 20 F.(2d) 362.

The final decree dismissing the libel in the case at bar was filed on December 23, 1927, and a copy thereof, with notice of entry, was served on libelant's proctor on December 27, 1927. On January 17, 1928, libelant filed in this court the following papers: (1) A petition for appeal to the Supreme Court of the United States, which was allowed on the same day. (2) Assignment of errors, wherein "libelant prays an appeal from the final decree of this court to the Supreme Court of the United States," and assigns errors.

On February 16, 1928, libelant procured from this court a citation, returnable in the United States Supreme Court on March 16, 1928, "pursuant to an appeal filed in the clerk's office of the District Court of the United States for the Eastern District of New York," and also a certificate, signed by a judge of this court, dated on that day, to the effect that the dismissal was based solely on the ground that the court was without jurisdiction of the cause of action stated in the libel. The time of the libelant to appeal to the Circuit Court of Appeals expired on March 27, 1928.

On April 5, 1928, the libelant served papers for a motion, returnable in the United States Circuit Court of Appeals for the Second Circuit, on April 9, 1928, "for an order amending the notice of appeal in this case, and for such other and further relief as justice of the cause may require." The papers on the present motion were served on April 14, 1928.

The only difference in the affidavit used on that motion and the one used on the present motion is the additional allegation in the affidavit used on this motion with reference to what occurred in the Circuit Court of Appeals on that motion. This is not a motion to correct a typographical error, nor an error of any kind, except an apparent ignorance of the change brought about by the

amendment of February 13, 1925, which took effect May 13, 1925, under which an appeal, if taken, should have been to the Circuit Court of Appeals, and not to the Supreme Court, and the time in which an appeal could be taken was reduced to three months. Act Feb. 13, 1925, c. 229, § 8 (c), 43 Stat. 940, U. S. Code, title 28, § 230 (28 USCA § 230).

This kind of an error has frequently occurred, and because errors had arisen in taking an appeal to the wrong appellate court, under a former statute, an act of 1922 (42 Stat. 837, c. 305), allowed the transfer, upon application, from the wrong appellate court to the right one, and the fact that such a statute was deemed necessary shows that the taking of the appeal to the wrong court was not an error that could be corrected by amending the notice of appeal, because, if such had been the case, no statute would have been required. That statute was repealed by the Act of February 13, 1925 (43 Stat. 941), supra:

Before the Act of February 13, 1925, went into effect, the time to appeal to the Supreme Court was three months, and to the Circuit Court of Appeals six months, and the Supreme Court held that, where an appeal was taken to the Circuit Court of Appeals within six months, and after three months, such appeal could not be transferred to the Supreme Court. McMillan Co. v. Abernathy, 263 U. S. 438, 443, 44 S. Ct. 200, 68 L. Ed. 378. In Darnell v. Illinois Cent. R. Co. (C. C. A.) 206 F. 445, an appeal had been taken to the Supreme Court. The court decided that the record did not present a question properly reviewable by it, and dismissed the appeal.

In the meantime, the time within which to appeal to the Circuit Court of Appeals had expired, but an appeal was sought to be taken to that court, the argument being that the time to appeal did not run during the time the case had been before the Supreme Court. The Circuit Court of Appeals dismissed the appeal, and at page 447 said:

"These decisions do not justify us in departing from the strictness with which a statutory limit upon the right to review has always been enforced. Credit Co. v. Arkansas Co., 128 U. S. 258, 9 S. Ct. 107, 32 L. Ed. 448; Williams Co. v. U. S., 215 U. S. 541, 30 S. Ct. 221, 54 L. Ed. 318.; Green v. Lynn (C. C. A. 1) 87 F. 839, 31 C. C. A. 248; Coulliette v. Thomason (C. C. A. 5) 50 F. 787, 1 C. C. A. 675; Noonan v. Athletic Club Co. (C. C. A. 6) 93 F. 576, 35 C. C. A. 457; Stevens v. Clark (C. C. A. 7) 62 F.

321, 10 C. C. A. 379; U. P. R. R. v. Colo. E. R. Co. (C. C. A. 8) 54 F. 22, 4 C. C. A. 161; Connecticut Co. v. Oldendorff (C. C. A. 9) 73 F. 88, 19 C. C. A. 379. The present case carries some aspects of hardship to plaintiff in error, but the latest utterance of the Supreme Court affirms the strict rule of limitation in a case of much greater hardship (In the Matter of William J. Dante, 228 U. S. 429, 33 Sup. Ct. 579, 57 L. Ed. 905); and it may well be the better rule that a party, who is in doubt as to the proper court to which to apply for review, should make his decision at his peril, thereby occasionally preventing a review which it would be wise to permit, rather than that such a party should be allowed to experiment in every case and greatly prolong litigation. It would be difficult to classify the good faith and excusable mistake from the deliberately chosen expedient to postpone the end. At any rate, the statute is clear and subject to no exceptions; and we cannot make exceptions."

In Credit Co. v. Ark. Central Railway, 128 U. S. 258, 9 S. Ct. 107, 32 L. Ed. 448, the District Court granted an order allowing the filing of an appeal nunc pro tunc as of the last day on which an appeal could have been taken, and the Circuit Court of Appeals, at page 261 (9 S. Ct. 108), said: "The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order nunc pro tunc, does not help the case. When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter." See, also, Old Nick Williams Co. v. United States, 215 U. S. 541, 544, 30 S. Ct. 221, 54 L. Ed. 318; Vaughan v. American Ins. Co. of Newark. N. J. (C. C. A.) 15 F.(2d) 526; Muma v. Bodine (C. C. A.) 16 F.(2d) 463.

The act of libelant in appealing to the Supreme Court was not an act of inadvertence. This is clearly shown by the procuring of the certificate of a judge of this court when the citation was signed.

[1] The libelant intended to appeal to the Supreme Court, and never had any intention of appealing to the Circuit Court of Appeals until after the time to appeal had expired, when it was discovered that the wrong appellate court had been selected; therefore, whatever right this court may have to correct errors, it should not grant this motion, as to do so would be to allow the filing of an appeal to the Circuit Court of Appeals nunc

pro tunc. The motion should be denied as a matter of law.

[2] If I did not entertain the firm view that I have expressed, that libelant's motion should be denied as a matter of law, I would in the exercise of discretion deny it, because, even if it be held that the court erred in holding that it did not have jurisdiction of the case at bar, it cannot be denied that the case was one in which the court in its discretion could refuse to entertain jurisdiction, and, more than that, it was one in which the court should not entertain jurisdiction.

Litigation under the conditions stated herein should be brought to a speedy determination, and it does not seem to me to be unduly severe to hold that the taking of an appeal of this character to the Supreme Court, over 2½ years after the right to appeal directly to that court in cases involving the question of jurisdiction only had been abolished by virtue of the Act of February 13, 1925, governing appeals, which went into effect May 13, 1925, cannot be held to be an error which can be cured by amendment.

The motion is denied.