## LANGFORD et al. v. BOND REALTY CORPORATION et al.

### No. 6030.

Circuit Court of Appeals, Fifth Circuit.
Feb. 16, 1931.

Carl T. Hoffman, of Miami, Fla., for appellants.

D. H. Redfearn, of Miami, Fla., for appellees.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

SIBLEY, District Judge.

Bond Realty Corporation and Ray Realty Corporation each owned a half interest in a tract of land in Dade county, Fla., and on August 14, 1925, each conveyed it to Maude E. Brickell for a sum paid in cash and three

notes for deferred payments of purchase money, secured by a mortgage on the property conveyed. The notes remained unpaid after maturity, and each vendor filed, in the state court of equity, its bill to foreclose its mortgage and to secure a deficiency decree. Maude E. Brickell defended on the ground of fraud in the procuring of the sale, and sought, by cross-bill, a cancellation of the transaction and recovery of her cash payment. By formal stipulation it was agreed that the issues in the bill of Ray Realty Corporation should abide the trial of those in the bill of Bond Realty Corporatoin, and that the same orders and decrees should be entered therein. The trial of the bill of Bond Realty Corporation resulted in a decree upholding the sale and fixing the indebtedness under the mortgage at $123,926.62, plus $12,302.66 as attorneys' fees, and ordering foreclosure and sale of the land. The land brought only $1,500. The sale was confirmed October 13, 1928. The motion for a deficiency decree was resisted because unconscionable and because Maude E. Brickell had really bought as trustee for others and should not be personally bound. The deficiency decree was refused November 10, 1928, with no reasons given. No decree or sale appears to have been had under the bill of Ray Realty Corporation. On November 28, 1928, bankruptcy proceedings were instituted by other creditors against Maude E. Brickell, resulting in an adjudication on February 5, 1930. Bond Realty Corporation offered to prove the unpaid balance of its notes, and assignees of Ray Realty Corporation offered to prove the notes of the latter, surrendering all claim of lien under its mortgage. Objection was made by the trustee and by other creditors going principally to a contention that the foreclosure litigation was conclusive against the recovery of anything on the notes. The referee allowed the claims and was sustained by the judge. The case is here on appeal from the judgment allowing proof of the claims.

■■ On their face the notes are a fixed liability absolutely owing at the date of the filing of the petition in bankruptcy and are provable under title 11 U. S. Code, § 103(a)(1), 11 USCA § 103 (a) (1), unless a good defense is established. The refusal of the deficiency decree in the foreclosure of the mortgage is relied on as an adjudication that the bankrupt owed Bond Realty Corporation nothing. A judgment in a state court has no other or further effect as res adjudicata in a court of the United States than it would have

under the laws of the state in the state courts. Union & Planters' Bank v. Memphis, 189 U. S. 71, 23 S. Ct. 604, 47 L. Ed. 712. By chapter 11993, Laws of Florida of 1927, page 536, § 1, it is provided: "In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the Court, but the Complainant shall also have the right to sue at common-law to recover such deficiency." In Gober v. Braddock (Fla.) 131 So. 407, June term, 1930, it was held that a refusal of a deficiency decree by the equity court in the exercise of discretion under this act was not a bar in a subsequent suit at law to recover the balance due on the notes. In many other situations a court of equity, though having the power to act, will refuse its aid in enforcing what it deems an oppressive exercise of legal rights, and will leave the parties to their legal remedy. In the present case the equity court fixed the debt due for the purchase of the mortgaged land at more than $137,000, but when the land sold for only $1,500, acting under the Florida statute, it refused its aid in enforcing the balance. The chancellor, however, had no power to cancel the balance of the debt, and, had the statute pretended to give him such a power in his discretion, it would have contravened that provision of the Constitution of the United States which forbids a state to pass any law impairing the obligation of contracts. As held by the Supreme Court of Florida, the refusal of a deficiency decree on foreclosure is, under the Florida statute, ordinarily an act of equitable discretion and not an adjudication against the legal right. If the court in a foreclosure suit should actually try the legal right to recover the balance, instead of acting on its discretion to forbear, and if an unfavorable finding would, in that case, be a binding adjudication notwithstanding the statute, nevertheless the present case does not clearly appear to be such a case, for the deficiency decree was resisted both by an appeal to equitable discretion in asserting it to be unconscionable and also by setting up that there was no personal liability on the notes because the maker had signed them in a trust capacity rather than as an individual. There is nothing to show that the court made its decree of refusal on the latter rather than on the former ground. See De Sollar v. Hanscome, 158 U. S. 216, 15 S. Ct. 816, 39 L. Ed. 956. The denial of the deficiency decree does not bar a suit on the notes at law; no more

does it bar a proof of them in bankruptcy. There being, therefore, no bar against proof of the notes of Bond Realty Corporation, there is equally none against those of Ray Realty Corporation as to which it was agreed that the same decree on foreclosure should be entered.

Of the other assignments of error some were abandoned. Those complaining of the admission of evidence do not set forth the evidence complained about, as required by Rule XI of this court, nor the objection made to its admission. They present no question for decision.

The judgments are therefore affirmed.