**Lupe Hernandez SILVA,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 81–1330
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 5, 1982.

Lupe Hernandez Silva, pro se.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

Petitioner, Lupe Silva, seeks federal habeas corpus relief pursuant to Section 2254 of Title 28, United States Code. Silva was convicted in a Texas jury trial of the offense of aggravated robbery and sentenced to life imprisonment, his punishment enhanced because of two prior felony convictions. His conviction was affirmed by the Texas Court of Criminal Appeals in an unpublished opinion. After exhausting state remedies, Silva filed the instant application for federal habeas relief. The matter was referred to a U.S. Magistrate, who recommended denial of the relief. The district court adopted the recommendation of the Magistrate and denied petitioner's request.

In his petition for federal habeas relief and on appeal, Silva asserts that his written confession was unlawfully obtained and improperly admitted at trial. Specifically, he claims that his confession was induced by a promise for a lighter sentence and was given without admonishment of *Miranda* warnings. Our review of the record reveals that his confession was unlawfully obtained.

The record reveals the following facts. On the night of February 5, 1977, Silva entered a convenience store in Grand Prairie, Texas, and having purchased a package of cigarettes, pointed a gun at the attendant behind the counter demanding and receiving cash of approximately $105 from the register. Before daybreak the next morning, petitioner was discovered by an Austin police officer in his automobile parked on the shoulder of Interstate Highway 35. Because he was drunk, Silva was arrested for public intoxication. A radio check revealed an outstanding warrant for

the armed robbery of a convenience store. Subsequently, Silva was returned to Grand Prairie where the robbery warrant was issued, later the same day. The next morning he was arraigned before a Magistrate, Judge Ann King, where he was apprised of the charges against him, as well as his *Miranda* rights. Testimony at trial also revealed that the defendant requested that he be permitted to call his lawyer. There is no indication whether he was ever allowed to make such a call. Approximately an hour after his arraignment, Silva was approached by officer G. M. Morgan, who asked him if he cared to make a statement. The state court found that petitioner agreed to make a statement, and after again being apprised of his rights, dictated the written confession.

Silva has contended throughout his appeal that he requested counsel at both the arraignment and prior to submission of his written confession. At least with respect to the request for counsel at the arraignment, testimony of the state's witness does not significantly dispute this fact. At the *Jackson v. Denno* hearing in the state trial court, officer Morgan, who was present at the arraignment, testified as follows with respect to Silva's request for counsel:

Q: Now, do you recall at the time of the arraignment Mr. Silva asking Ms. King or Judge King for an attorney?

A: I don't believe it was put like that. She asked Mr. Silva if he had consulted an attorney or called one and he said he had not and she asked him if he wanted to and I believe he said yes.

State Trial Record at 20.

Q: You do recall Mr. Silva asking Judge King to have—that he did want a lawyer, is that correct?

A: Yes, sir.

*Id.* at 21.

THE COURT: As I understand your testimony, he told Judge King that he wanted to use the telephone to call a lawyer but at no time requested an attorney be appointed, is that correct or not?

A: I believe that is correct. Yes, sir.

*Id.* at 57.

Q: Now, I understood you a while ago to say that you heard him ask Judge King for a lawyer. Did you hear that?

A: For a phone call, yes, sir.

Q: No, sir. That was not my question. Did you hear Mr. Silva ask Judge King for a lawyer?

A: Judge King asked him if he wanted an attorney and he said that he did.

Q: He did want a lawyer?

A: Yes, sir.

*Id.* at 60.

THE COURT: Well, was it just the gist of the conversation that he was going to get his own lawyer and that he did not want one appointed?

A: That was my understanding, yes— that he wanted to call one over the phone.

*Id.* at 61.

It is apparent from the above scenario that at his arraignment, petitioner informed the magistrate of his desire to speak with his lawyer. Such a request can only be construed as an exercise by the defendant of his right to an attorney. It is also undisputed that following this request, Silva was approached by officer Morgan who asked the defendant if he wished to make a statement. Following officer Morgan's request, Silva confessed to the crime.

 Recently, in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed. 378 (1981), the Supreme Court addressed the question of whether the Fifth, Sixth, and Fourteenth Amendments require suppression of a post-arrest confession, which was obtained after a defendant had invoked his right to consult counsel before interrogation. The Court, through the pen of Justice White, stated:

[W]e now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interro-

**459**

gation even if he has been advised of his rights. We further hold that an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available.

*Id.* at 484, 101 S.Ct. at 1884, 68 L.Ed.2d at 386. In *Edwards,* the Supreme Court reconfirmed its views set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and its progeny emphasizing that "authorities, at their instance, [may not] reinterrogate an accused in custody if he has clearly asserted his right to counsel." *Edwards v. Arizona, supra* at 485, 101 S.Ct. at 1885, 68 L.Ed.2d at 387. Furthermore, in construing *Miranda* the Fifth Circuit has said:

Where there is a request for an attorney prior to any questioning, as in this case, a finding of knowing and intelligent waiver of the right to an attorney is impossible. . . . [T]he suspect has an absolute right to delay interrogation by requesting counsel. If such a request is disregarded and the questioning proceeds, any statements taken thereafter cannot be a result of waiver but must be presumed a product of compulsion, subtle or otherwise.

*United States v. Priest,* 409 F.2d 491, 493 (5th Cir. 1969). *See also United States v. Massey,* 550 F.2d 300 (5th Cir. 1977). If a request by a defendant for counsel is equivocal, it is permissible for the questioning official to make further inquiry to clarify the suspect's wishes. *Nash v. Estelle,* 597 F.2d 513 (5th Cir. 1979) (en banc); *see also Blasingame v. Estelle,* 604 F.2d 893 (5th Cir. 1979). However, the facts are not in dispute, and we see no equivocation in petitioner's admitted request that he be allowed the opportunity to phone his lawyer.

■ Since Silva's request to Judge King that he wanted to phone his lawyer constituted an exercise of his right to counsel, then officer Morgan was not entitled to initiate further interrogation with the defendant unless the exercise by Silva of his right to counsel was honored. Accordingly, the confession was obtained in violation of the defendant's constitutional rights and should not have been admitted.[1] This case is, therefore, REMANDED to the district court with instructions to grant the petitioner's request for relief and to give the state a reasonable time to retry the defendant without the use of his confession.[2]

REVERSED AND REMANDED.

---

1. We note the limited review provided federal courts in habeas corpus proceedings under 28 U.S.C. § 2254. A state court's findings of fact are entitled and should be accorded a statutory presumption of correctness. In this case, with respect to petitioner's request for counsel, the state court found that the "defendant did not request the appointment of an attorney but did request that he be allowed the opportunity to use the telephone." We do not construe anything in our decision today to ignore, contradict or in any way fail to accord that finding a presumption of correctness. Our decision does, however, add to that finding the fact that defendant's request to use the telephone was for the purpose of calling his attorney. The testimony of officer Morgan set forth above together with defendant's assertions in the record that he requested counsel could lead a court to no other conclusion except that the defendant wished to phone his attorney. Therefore, to the extent that our decision may in any way be construed to fail to give the state court's findings of fact a presumption of correctness, we do not believe, for the reasons just stated, that such findings are "fairly supported by the record." 28 U.S.C. § 2254(d)(8); *Sum-*

*ner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

2. In his federal habeas application, Silva raised six grounds of error: (1) that his written confession was used against him improperly because the same was the result of a violation of his rights under the Fifth and Fourteenth Amendments to the Constitution; (2) that certain evidence was introduced against him which was the fruit of an unlawful search in violation of the Fourth Amendment; (3) that the charge to the jury was erroneous under the state law, thereby diluting the required standard of proof imposed upon the State by the United States Constitution; (4) that the prosecutor improperly injected his personal opinion in the jury argument thereby depriving petitioner of his right to a fair trial; (5) that Sec. 12.42(d) of the Texas Penal Code is unconstitutional as applied in this action; and (6) that petitioner was denied the effective assistance of counsel at trial and on appeal. We reverse on ground one; however, to the extent that any of the remaining issues may be relevant or raised in future proceedings, we note that the district court properly disposed of each of them.