Opinion issued October 19, 2006








     








In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00619-CR




CARL WAYNE REED, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 991288




O P I N I O N

          After the trial court denied his motion to suppress, appellant, Carl Wayne Reed,
Jr., pleaded guilty, pursuant to a plea agreement, to aggravated robbery.


 In
accordance with the plea agreement, the trial court sentenced appellant to 15 years’
confinement. The court also made an affirmative deadly weapon finding. In two
issues, appellant argues that (1) the trial court erred in denying his motion to suppress
incriminating statements made after police violated his right to counsel and (2) his
videotaped oral statement to police was improperly admitted into evidence at the
suppression hearing.
          We affirm. 
FACTS
          On the afternoon of June 16, 2004, appellant was arrested in Pasadena, Texas
after robbing a clerk at a Cingular Wireless store at gunpoint. Appellant was brought
before a magistrate and read his rights. He then was taken to a video room for
interrogation by Sergeant K. Bonsal. After turning on the video recorder, but before
questioning appellant about the robbery, Sergeant Bonsal asked appellant whether he
had understood his rights as the magistrate had read them to him; appellant responded
he had. Sergeant Bonsal then handed a sheet of paper to appellant listing his rights
and asked him to read the first one aloud. After demonstrating his ability to read to
Sergeant Bonsal, appellant continued reading the rest to himself. As he was reading,
he asked Sergeant Bonsal, “I can get a lawyer if I want one, right?” Sergeant Bonsal
answered, “Yeah.” When appellant replied that he knew that he himself would have
to make the call but that he did not have his lawyer’s telephone number on him,
Sergeant Bonsal offered him the use of a phone book and a phone. Appellant
accepted, and appellant and Sergeant Bonsal stepped into the hall outside the video
room. Appellant’s next words are indistinguishable, but Bonsal can be heard saying,
“If you want to talk to him before you talk to me, that’s up to you.” Appellant next
asked if he could first call his dad and then his lawyer. Sergeant Bonsal replied, “We
can do that too. What do you want to do?” Appellant said something in response as
he came back into the video room and sat down, but it is indistinguishable. Sergeant
Bonsal then said, “Your lawyer’s office is closed. If you’re gonna answer my
questions, you need to sign here.” As he was saying this, appellant interjected, “I’m
gonna answer your questions.” Appellant signed the waiver card and made several
incriminating statements.
           A couple of months later, appellant filed a motion to suppress the videotaped
statement,


 arguing that it was obtained in violation of his right to counsel. The trial
court held a hearing, at which Sergeant Bonsal and appellant testified. The
videotaped statement was also viewed by the court. In his closing argument,
appellant argued that his right to counsel had been violated and that he did not
knowingly and intentionally waive his right to a lawyer. 
          The trial court denied appellant’s motion to suppress and made the following
relevant findings of fact:
1. Sergeant Bonsal, who is a peace officer and member of the Pasadena
Police Department, who testified before this Court, is a credible and
reliable person. The Court believed his Testimony.
 
2. Carl Wayne Reed, who is the defendant and who testified before this
Court is NOT a credible and reliable person. This Court did NOT
believe his testimony.
 
8. Kirk Bonsal was present when a Magistrate read the defendant his
statutory warnings.
 
9. Kirk Bonsal observed the defendant read his Miranda warnings.
 
10. Kirk Bonsal advised the defendant of his right to remain silent.
 
11. Kirk Bonsal advised the defendant that anything he said could be
used against him.
 
12. Kirk Bonsal advised the defendant of his right to have an attorney
present prior to and during any questioning.
 
13. Kirk Bonsal advised the defendant of his right to have an attorney
appointed to advise him prior to and during any questioning.
 
14. Kirk Bonsal advised the defendant of his right to terminate the
interview at any time.
 
15. The defendant acknowledged each and every one of these rights
stating that he understood them.
 
16. When asked if he agreed to waive his rights, the defendant asked if
he could get a lawyer if he wanted.
 
17. The recording clearly reflects that the defendant was told he could
contact a lawyer and was offered a phone to use.
 
18. The defendant appeared to call Kirby Taylor, who did not answer. 
Kirk Bonsal said his office was probably closed.
 
19. The defendant said he would answer questions of Kirk Bonsal and
agreed to waive his rights as evidenced by the video.
 
20. The defendant was not beaten, coerced or threatened into giving his
statement.
 
23. There is no evidence that the defendant was under the influence of
narcotics or alcohol at the time of the statement, and his appearance and
speech did not indicate he was under the influence of narcotics or
alcohol.
 
24. The defendant understood the process and did not appear to be
suffering from any mental or physical impairment.
 
26. The defendant had ample mental capacity at the time of the
statement to make the statement.

The trial court also made the following relevant conclusions of law:
 
4. The statement was recorded and offered into evidence as State’s
Exhibit No. 2. This videotape recording reflects that Carl Wayne Reed
understood each and every right as explained to him by Kirk Bonsal. It
further reflects Carl Wayne Reed’s voluntary waiver of his rights and his
agreement to give a statement to Kirk Bonsal. The video tape also
reflects that Carl Wayne Reed was not mistreated, beaten, coerced, or
threatened into giving his statement.
 
5. Kirk Bonsal followed all procedural requirements prior to
questioning Carl Wayne Reed about the case.
 
6. Carl Wayne Reed’s statement, State’s exhibit No. 2, made by Reed
at the police station, was made freely and voluntarily without
compulsion or persuasion as prescribed by the United States
Constitution, the Texas Constitution, and the Texas Code of Criminal
Procedure and is therefore admissible in evidence in trial against him.

DISCUSSION
          Motion to Suppress
          In his first issue, appellant contends that the trial court erred when it denied his
motion to suppress incriminating statements obtained in violation of his right to
counsel. A trial court’s ruling on a motion to suppress lies within the discretion of
the court. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). As the
sole trier of fact during a suppression hearing, the trial court may choose to believe
or disbelieve all or any part of a witness’ testimony. See State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000). A trial court abuses its discretion if it refuses to
suppress evidence that is obtained in violation of the law and that is, therefore,
inadmissible. Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993). 
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). Although we give almost total deference to the trial court’s
determination of historical facts that depend on credibility, we conduct a de novo
review of the trial court’s application of the law to those facts. Id. We examine the
evidence in the light most favorable to the trial court’s ruling. State v. Ballard, 987
S.W.2d 889, 891 (Tex. Crim. App. 1999). 
          As first explained in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966),
an accused has a Fifth and Fourteenth Amendment right to have counsel present
during a custodial interrogation. Edwards v. Arizona, 451 U.S. 477, 482, 101 S. Ct.
1880, 1883 (1981). Unlike the right to counsel under the Sixth Amendment, which
attaches automatically,


 the Fifth Amendment right to counsel will attach only when
affirmatively invoked by the accused. See Miranda, 384 U.S. at 473–74, 86 S. Ct. at
1627–28. Such “[a]n invocation must be clear and unambiguous; the mere mention
of the word ‘attorney’ or ‘lawyer’ without more, does not automatically invoke the
right to counsel.” Dinkins v. State, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995). 
Rather, the right to counsel is considered invoked when the accused indicates that he
wants to speak to an attorney or have an attorney present during questioning. Lucas
v. State, 791 S.W.2d 35, 45 (Tex. Crim. App. 1989).
          Once an accused has invoked his right to counsel, all interrogation by the
police must stop until counsel is provided or until the accused himself initiates
contact with police. Dinkins, 894 S.W.2d at 350 (citing Minnick v. Mississippi, 498
U.S. 146, 153, 111 S. Ct. 486, 491 (1990)). When an accused’s invocation is unclear,
ambiguous, or equivocal, the interrogating officers are not required to automatically
stop the interview. Lucas, 791 S.W.2d at 46. They may continue questioning the
accused, but only to ascertain whether he wishes to speak to an attorney or continue
the questioning without the assistance of counsel.


 Id. Police may not use such
clarification as a guise to encourage, coerce, or intimidate the accused to make a
statement. Jamail v. State, 787 S.W.2d 372, 377 (Tex. Crim. App. 1990).
          In reviewing an alleged invocation of the right to counsel, a reviewing court
must look at the totality of the circumstances surrounding the interrogation and
alleged invocation to determine whether an accused’s statement can be construed as
an actual invocation of the right. Dinkins, 894 S.W.2d at 351. The inquiry is an
objective one: whether a reasonable officer, under similar circumstances, would have
understood the statement to be a request for an attorney or merely one that might be
invoking the right to counsel. Id. 
          When the right to counsel has been invoked, it may be later waived, either
expressly or through the actions of the accused. Lucas, 791 S.W.2d at 46. Such a
waiver must be (1) knowing, intelligent, and voluntary and (2) the product of contact
initiated by the accused. Lucas, 791 S.W.2d at 46 (citing Smith v. Illinois, 469 U.S.
91, 95, 105 S. Ct. 490, 492 (1984)).
          Appellant argues that he made a clear request to call his attorney, thus invoking
his Fifth Amendment right to counsel, and that all questioning should have stopped
until his attorney arrived. To support his argument, appellant relies on the Fifth
Circuit’s decision in Silva v. Estelle, 672 F.2d 457 (5th Cir. 1982). The State counters
that because Silva is a Fifth Circuit case its precedent is not binding on this court. See
Mosley v. State, 983 S.W.2d 249, 256 n.13 (Tex. Crim. App. 1998). We agree with
the State, but even if Silva were binding, the facts of Silva and the instant case are
distinguishable. In Silva, the Fifth Circuit held that the defendant unequivocally
invoked his Fifth Amendment right to counsel when he told the judge at his
arraignment that he wanted to use the telephone to call his lawyer. Silva, 672 F.2d
at 458. Thus, the police violated the defendant’s right to counsel when they
approached him an hour later, before he had had an opportunity to contact his lawyer,
and secured his written confession. Id. at 458–59.
          Here, appellant did not make an unequivocal request to call his lawyer, but
simply asked whether he could get a lawyer if he wanted one. This statement was not
a clear invocation of the right to counsel because it did not indicate that appellant
wanted to speak to his attorney or that he wanted his attorney to be present during
questioning. See Lucas, 791 S.W.2d at 45. Thus, Sergeant Bonsal was free to
continue questioning appellant, but only to ascertain the exact meaning of this
statement. See id. at 46. This is what Sergeant Bonsal did, and nothing on the
videotape indicates that Sergeant Bonsal discouraged appellant from calling his
attorney, questioned appellant about the robbery until after appellant signed the
waiver, or said anything except for the purpose of determining what appellant wanted
to do. In fact, Sergeant Bonsal told appellant that he could talk to his attorney before
he talked to him (Sergeant Bonsal), and he specifically asked appellant what he
wanted to do. Although appellant’s exact response on the videotape is
indistinguishable, appellant responded as he returned to his seat. When told that he
would have to sign a waiver before answering Sergeant Bonsal’s questions, he
interjected, “I’m gonna answer your questions.” Appellant then signed the waiver. 
Sergeant Bonsal was, therefore, entitled to continue the interrogation.
          No evidence indicates that the trial court abused its discretion in concluding
that (1) appellant asked if he could get a lawyer if he wanted;


 (2) appellant waived
his Miranda rights; and (3) appellant was not beaten, coerced, or threatened into
doing so. See Villarreal, 935 S.W.2d at 138. Thus, appellant’s statement was not
obtained in violation of his Fifth Amendment right to counsel, and the trial court did
not abuse its discretion in denying appellant’s motion to suppress.
          We overrule appellant’s first issue.
          Videotaped Confession
          In his second issue, appellant argues that admission of his videotaped oral
statement violated Article 38.22 § 3 of the Texas Code of Criminal Procedure because
(1) appellant did not knowingly, intelligently, and voluntarily waive his rights; (2) the
recording device was not capable of accurately recording those portions of the
conversation that happened in the hallway; and (3) none of the voices on the
recording were specifically identified. See Tex. Code Crim. Proc. Ann. art. 38.22
§ 3(a)(2)–(4) (Vernon Supp. 2005). The State responds that because appellant failed
to object on these grounds, either in his motion to suppress or during the suppression
hearing, appellate review is waived.
          A timely and reasonably specific objection, followed by an adverse ruling, is
required to preserve error for appellate review. Tex. R. App. P. 33.1(a). Additionally,
if the argument presented on appeal is not the same as the objection raised at trial, no
error is preserved and review is waived. Butler v. State, 872 S.W.2d 227, 236 (Tex. 
Crim. App. 1994); Sandoval v. State, 52 S.W.3d 851, 855 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). 
          Appellant filed a pretrial motion to suppress his videotaped statement, arguing
only that his right to counsel had been violated. He did not argue that the statement
was inadmissible because it did not comply with the requirements of Article 38.22
§ 3. Appellant also failed to object on this ground at the suppression hearing, arguing
only that his right to counsel was violated and that he did not knowingly and
intentionally waive his right to a lawyer. Only on appeal does appellant argue that
the videotaped statement was inadmissible because it did not comply with Article
38.22 § 3 of the Texas Code of Criminal Procedure. Because he did not raise this
objection with the trial court, appellant’s objection is waived. See Tex. R. App. P.
33.1. Moreover, appellant has waived review of his objection because his appellate
complaint is different from his trial objection. See Butler, 872 S.W.2d at 236;
Sandoval, 52 S.W.3d at 855. 
          We overrule appellant’s second issue.
CONCLUSION
          We affirm the judgment of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).