**Carl Wayne REED, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–05–00619–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 19, 2006.

Discretionary Review Refused
April 25, 2007.

Kenneth William McGuire, Marcellous S. McZeal, McGuire, Grealish & McZeal, LLP, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Donald W. Rogers Jr., Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

After the trial court denied his motion to suppress, appellant, Carl Wayne Reed, Jr., pleaded guilty, pursuant to a plea agreement, to aggravated robbery.[1] In accordance with the plea agreement, the trial court sentenced appellant to 15 years' confinement. The court also made an affirmative deadly weapon finding. In two issues, appellant argues that (1) the trial court erred in denying his motion to suppress incriminating statements made after police violated his right to counsel and (2) his videotaped oral statement to police was improperly admitted into evidence at the suppression hearing.

We affirm.

## FACTS

On the afternoon of June 16, 2004, appellant was arrested in Pasadena, Texas after robbing a clerk at a Cingular Wireless store at gunpoint. Appellant was brought before a magistrate and read his rights. He then was taken to a video room for interrogation by Sergeant K. Bonsal. After turning on the video recorder, but before questioning appellant about the robbery, Sergeant Bonsal asked appellant whether he had understood his rights as the magistrate had read them to him; appellant responded he had. Sergeant Bonsal then handed a sheet of paper to appellant listing his rights and asked him to read the first one aloud. After demonstrating his ability to read to Sergeant Bonsal, appellant continued reading the rest to himself. As he was reading, he asked Sergeant Bonsal, "I can get a lawyer if I want one, right?" Sergeant Bonsal

answered, "Yeah." When appellant replied that he knew that he himself would have to make the call but that he did not have his lawyer's telephone number on him, Sergeant Bonsal offered him the use of a phone book and a phone. Appellant accepted, and appellant and Sergeant Bonsal stepped into the hall outside the video room. Appellant's next words are indistinguishable, but Bonsal can be heard saying, "If you want to talk to him before you talk to me, that's up to you." Appellant next asked if he could first call his dad and then his lawyer. Sergeant Bonsal replied, "We can do that too. What do you want to do?" Appellant said something in response as he came back into the video room and sat down, but it is indistinguishable. Sergeant Bonsal then said, "Your lawyer's office is closed. If you're gonna answer my questions, you need to sign here." As he was saying this, appellant interjected, "I'm gonna answer your questions." Appellant signed the waiver card and made several incriminating statements.

A couple of months later, appellant filed a motion to suppress the videotaped statement,[2] arguing that it was obtained in violation of his right to counsel. The trial court held a hearing, at which Sergeant Bonsal and appellant testified. The videotaped statement was also viewed by the court. In his closing argument, appellant argued that his right to counsel had been violated and that he did not knowingly and intentionally waive his right to a lawyer.

The trial court denied appellant's motion to suppress and made the following relevant findings of fact:

1. Sergeant Bonsal, who is a peace officer and member of the Pasadena Police

---

1. Tex. Pen.Code Ann. § 29.03 (Vernon 2003).

2. Appellant also stated in his motion to suppress that the search of appellant and the car in which he was riding was illegal. The mo-

tion, however, says nothing more on this point and appellant does not argue this point on appeal.

Department, who testified before this Court, is a credible and reliable person. The Court believed his Testimony.

2. Carl Wayne Reed, who is the defendant and who testified before this Court is NOT a credible and reliable person. This Court did NOT believe his testimony.

8. Kirk Bonsal was present when a Magistrate read the defendant his statutory warnings.

9. Kirk Bonsal observed the defendant read his Miranda warnings.

10. Kirk Bonsal advised the defendant of his right to remain silent.

11. Kirk Bonsal advised the defendant that anything he said could be used against him.

12. Kirk Bonsal advised the defendant of his right to have an attorney present prior to and during any questioning.

13. Kirk Bonsal advised the defendant of his right to have an attorney appointed to advise him prior to and during any questioning.

14. Kirk Bonsal advised the defendant of his right to terminate the interview at any time.

15. The defendant acknowledged each and every one of these rights stating that he understood them.

16. When asked if he agreed to waive his rights, the defendant asked if he could get a lawyer if he wanted.

17. The recording clearly reflects that the defendant was told he could contact a lawyer and was offered a phone to use.

18. The defendant appeared to call Kirby Taylor, who did not answer. Kirk Bonsal said his office was probably closed.

19. The defendant said he would answer questions of Kirk Bonsal and agreed to waive his rights as evidenced by the video.

20. The defendant was not beaten, coerced or threatened into giving his statement.

23. There is no evidence that the defendant was under the influence of narcotics or alcohol at the time of the statement, and his appearance and speech did not indicate he was under the influence of narcotics or alcohol.

24. The defendant understood the process and did not appear to be suffering from any mental or physical impairment.

26. The defendant had ample mental capacity at the time of the statement to make the statement.

The trial court also made the following relevant conclusions of law:

4. The statement was recorded and offered into evidence as State's Exhibit No. 2. This videotape recording reflects that Carl Wayne Reed understood each and every right as explained to him by Kirk Bonsal. It further reflects Carl Wayne Reed's voluntary waiver of his rights and his agreement to give a statement to Kirk Bonsal. The video tape also reflects that Carl Wayne Reed was not mistreated, beaten, coerced, or threatened into giving his statement.

5. Kirk Bonsal followed all procedural requirements prior to questioning Carl Wayne Reed about the case.

6. Carl Wayne Reed's statement, State's exhibit No. 2, made by Reed at the police station, was made freely and voluntarily without compulsion or persuasion as prescribed by the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure and is therefore admissible in evidence in trial against him.

## DISCUSSION

### *Motion to Suppress*

In his first issue, appellant contends that the trial court erred when it

denied his motion to suppress incriminating statements obtained in violation of his right to counsel. A trial court's ruling on a motion to suppress lies within the discretion of the court. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). As the sole trier of fact during a suppression hearing, the trial court may choose to believe or disbelieve all or any part of a witness' testimony. *See State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000). A trial court abuses its discretion if it refuses to suppress evidence that is obtained in violation of the law and that is, therefore, inadmissible. *Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App.1993).

▮ In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). Although we give almost total deference to the trial court's determination of historical facts that depend on credibility, we conduct a de novo review of the trial court's application of the law to those facts. *Id.* We examine the evidence in the light most favorable to the trial court's ruling. *State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim.App.1999).

▮ As first explained in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), an accused has a Fifth and Fourteenth Amendment right to have counsel present during a custodial interrogation. *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981). Unlike the right to counsel under the Sixth Amendment, which attaches automatically,[3] the Fifth Amendment right to counsel will attach only when affirmatively invoked by the accused. *See Miranda,* 384 U.S. at 473–74, 86 S.Ct. at 1627–28. Such "[a]n invocation must be clear and unambiguous; the mere mention of the word 'attorney' or 'lawyer' without more, does not automatically invoke the right to counsel." *Dinkins v. State,* 894 S.W.2d 330, 351 (Tex.Crim.App.1995). Rather, the right to counsel is considered invoked when the accused indicates that he wants to speak to an attorney or have an attorney present during questioning. *Lucas v. State,* 791 S.W.2d 35, 45 (Tex.Crim.App. 1989).

▮ Once an accused has invoked his right to counsel, all interrogation by the police must stop until counsel is provided or until the accused himself initiates contact with police. *Dinkins,* 894 S.W.2d at 350 (citing *Minnick v. Mississippi,* 498 U.S. 146, 153, 111 S.Ct. 486, 491, 112 L.Ed.2d 489 (1990)). When an accused's invocation is unclear, ambiguous, or equivocal, the interrogating officers are not required to automatically stop the interview. *Lucas,* 791 S.W.2d at 46. They may continue questioning the accused, but only to ascertain whether he wishes to speak to an attorney or continue the questioning without the assistance of counsel.[4] *Id.* Police may not use such clarification as a guise to encourage, coerce, or intimidate the accused to make a statement. *Jamail v.*

---

3. *See Davis v. United States,* 512 U.S. 452, 456–57, 114 S.Ct. 2350, 2354, 129 L.Ed.2d 362 (1994).

4. Although the United States Supreme Court expressly declined to adopt a rule requiring officers to stop questioning after an ambiguous or equivocal request for counsel, *Davis,* 512 U.S. at 461–62, 114 S.Ct. at 2356, the Texas Court of Criminal Appeals has held that further questioning after such a request must be specifically aimed at determining the accused's true desire concerning the assistance of counsel. *Lucas,* 791 S.W.2d at 46; *Russell v. State,* 727 S.W.2d 573, 577 (Tex.Crim.App. 1987); *Jaggers v. State,* 125 S.W.3d 661, 668 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (citing *Hicks v. State,* 860 S.W.2d 419, 430 (Tex.Crim.App.1993)).

*State*, 787 S.W.2d 372, 377 (Tex.Crim.App. 1990).

■ In reviewing an alleged invocation of the right to counsel, a reviewing court must look at the totality of the circumstances surrounding the interrogation and alleged invocation to determine whether an accused's statement can be construed as an actual invocation of the right. *Dinkins*, 894 S.W.2d at 351. The inquiry is an objective one: whether a reasonable officer, under similar circumstances, would have understood the statement to be a request for an attorney or merely one that *might* be invoking the right to counsel. *Id.*

■ When the right to counsel has been invoked, it may be later waived, either expressly or through the actions of the accused. *Lucas*, 791 S.W.2d at 46. Such a waiver must be (1) knowing, intelligent, and voluntary and (2) the product of contact initiated by the accused. *Lucas*, 791 S.W.2d at 46 (citing *Smith v. Illinois*, 469 U.S. 91, 95, 105 S.Ct. 490, 492, 83 L.Ed.2d 488 (1984)).

■ Appellant argues that he made a clear request to call his attorney, thus invoking his Fifth Amendment right to counsel, and that all questioning should have stopped until his attorney arrived. To support his argument, appellant relies on the Fifth Circuit's decision in *Silva v. Estelle*, 672 F.2d 457 (5th Cir.1982). The State counters that because *Silva* is a Fifth Circuit case its precedent is not binding on this court. *See Mosley v. State*, 983 S.W.2d 249, 256 n. 13 (Tex.Crim.App.1998). We agree with the State, but even if *Silva* were binding, the facts of *Silva* and the instant case are distinguishable. In *Silva*, the Fifth Circuit held that the defendant unequivocally invoked his Fifth Amendment right to counsel when he told the judge at his arraignment that he wanted to

use the telephone to call his lawyer. *Silva*, 672 F.2d at 458. Thus, the police violated the defendant's right to counsel when they approached him an hour later, before he had had an opportunity to contact his lawyer, and secured his written confession. *Id.* at 458–59.

Here, appellant did not make an unequivocal request to call his lawyer, but simply asked whether he could get a lawyer if he wanted one. This statement was not a clear invocation of the right to counsel because it did not indicate that appellant wanted to speak to his attorney or that he wanted his attorney to be present during questioning. *See Lucas*, 791 S.W.2d at 45. Thus, Sergeant Bonsal was free to continue questioning appellant, but only to ascertain the exact meaning of this statement. *See id.* at 46. This is what Sergeant Bonsal did, and nothing on the videotape indicates that Sergeant Bonsal discouraged appellant from calling his attorney, questioned appellant about the robbery until after appellant signed the waiver, or said anything except for the purpose of determining what appellant wanted to do. In fact, Sergeant Bonsal told appellant that he could talk to his attorney before he talked to him (Sergeant Bonsal), and he specifically asked appellant what he wanted to do. Although appellant's exact response on the videotape is indistinguishable, appellant responded as he returned to his seat. When told that he would have to sign a waiver before answering Sergeant Bonsal's questions, he interjected, "I'm gonna answer your questions." Appellant then signed the waiver. Sergeant Bonsal was, therefore, entitled to continue the interrogation.

No evidence indicates that the trial court abused its discretion in concluding that (1) appellant asked if he could get a lawyer if he wanted;[5] (2) appellant waived

---

**5.** The trial court did not make a specific find-

ing that appellant did not invoke his right to

his *Miranda* rights; and (3) appellant was not beaten, coerced, or threatened into doing so. *See Villarreal,* 935 S.W.2d at 138. Thus, appellant's statement was not obtained in violation of his Fifth Amendment right to counsel, and the trial court did not abuse its discretion in denying appellant's motion to suppress.

We overrule appellant's first issue.

### *Videotaped Confession*

■ In his second issue, appellant argues that admission of his videotaped oral statement violated Article 38.22 § 3 of the Texas Code of Criminal Procedure because (1) appellant did not knowingly, intelligently, and voluntarily waive his rights; (2) the recording device was not capable of accurately recording those portions of the conversation that happened in the hallway; and (3) none of the voices on the recording were specifically identified. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(2)-(4) (Vernon Supp.2005). The State responds that because appellant failed to object on these grounds, either in his motion to suppress or during the suppression hearing, appellate review is waived.

■ A timely and reasonably specific objection, followed by an adverse ruling, is required to preserve error for appellate review. TEX.R.APP. P. 33.1(a). Additionally, if the argument presented on appeal is not the same as the objection raised at trial, no error is preserved and review is waived. *Butler v. State,* 872 S.W.2d 227, 236 (Tex.Crim.App.1994); *Sandoval v. State,* 52 S.W.3d 851, 855 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd).

Appellant filed a pretrial motion to suppress his videotaped statement, arguing only that his right to counsel had been violated. He did not argue that the state-

ment was inadmissible because it did not comply with the requirements of Article 38.22 § 3. Appellant also failed to object on this ground at the suppression hearing, arguing only that his right to counsel was violated and that he did not knowingly and intentionally waive his right to a lawyer. Only on appeal does appellant argue that the videotaped statement was inadmissible because it did not comply with Article 38.22 § 3 of the Texas Code of Criminal Procedure. Because he did not raise this objection with the trial court, appellant's objection is waived. *See* TEX.R.APP. P. 33.1. Moreover, appellant has waived review of his objection because his appellate complaint is different from his trial objection. *See Butler,* 872 S.W.2d at 236; *Sandoval,* 52 S.W.3d at 855.

We overrule appellant's second issue.

### CONCLUSION

We affirm the judgment of the trial court.

counsel, but such a finding is implicit in its conclusion that appellant's statement was ad-

missible at trial.