

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00405-CR

The **STATE** of Texas,
Appellant

v.

Sandi Elaine **BECKMAN**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B11623
Honorable Rex Emerson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 5, 2013

AFFIRMED

This appeal arises from the trial court's order granting Appellee Sandi Elaine Beckman's motion to suppress evidence. On appeal, the State argues that the trial court erred in granting Appellee's motion to suppress because Appellee lacked standing to complain about the legality of the search and that the search of Appellee's vehicle was lawful. For the reasons discussed below, we affirm the trial court's order.

## BACKGROUND

Clint Massingill, an investigator with the Kerr County Sheriff's Office, was leaving a traffic stop when Michelle Dimery flagged him down. Dimery told Investigator Massingill "I own this property and there's a vehicle out there that I don't know who it belongs to." Investigator Massingill drove onto Dimery's property and parked directly behind the truck. He approached the vehicle on the passenger side and looked into the passenger window where he saw Appellee and a passenger who both appeared to be sleeping. Investigator Massingill opened the passenger door and recognized the passenger as well as a methamphetamine pipe lying in the passenger door pocket. Investigator Massingill did not have a warrant or permission to search the truck. He proceeded to handcuff Appellee and her passenger. A further search of the truck revealed a small bag of methamphetamine. Appellee was charged by indictment with possession of a controlled substance weighing less than one gram.

Appellee filed a pretrial motion to suppress "any tangible evidence seized by law enforcement officers . . . and any testimony by the arresting officer or any other law enforcement officers or others concerning such evidence." In her motion, Appellee alleged that "[a]ny tangible evidence seized in connection with this case was seized without warrant, probable cause or other lawful authority in violation of [her rights] pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments."

During the hearing on the motion to suppress, Investigator Massingill, the only witness, testified that Appellee likely entered onto Dimery's property during the evening hours. Investigator Massingill described the land upon which Appellee entered as "just a piece of property that has a few oak trees" with "a large dump pile at the back." When asked whether he could ascertain where the property's boundary lines were, Investigator Massingill responded "I don't know that I paid any attention." Investigator Massingill testified that although the property

contained two "No Trespassing" signs, he was unaware of the signs at the time he detained Appellee and did not know whether Appellee and her passenger had notice that they were trespassing. At the conclusion of the suppression hearing, the trial court granted Appellee's motion to suppress. The State appeals the trial court's ruling.

## STANDING

The State asserts that Appellee lacks standing to complain about the legality of Investigator Massingill's search because she was a trespasser on Dimery's property and thus had no reasonable expectation of privacy in her vehicle.

### A. Standard of Review

"We review a trial court's ruling on a motion to suppress under a bifurcated standard of review." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *accord Martinez v. State*, 275 S.W.3d 29, 34 (Tex. App.—San Antonio 2008, pet. struck). "We give 'almost total deference' to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Martinez*, 275 S.W.3d at 34; *see Valtierra*, 310 S.W.3d at 447; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the trial court did not make explicit findings of fact, "we 'must view the evidence in the light most favorable to the trial court's ruling' and 'assume the trial court made implicit findings of fact to support its ruling as long as those findings are supported by the record.'" *Valtierra*, 310 S.W.3d at 447 (quoting *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006)); *accord Martinez*, 275 S.W.3d at 34.

The State may raise the issue of standing for the first time on appeal. *State v. Klima*, 934 S.W.2d 109, 110–11 (Tex. Crim. App. 1996); *State v. Sepeda*, 349 S.W.3d 713, 716 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal

issue of standing *de novo*." *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004); *accord Aragon v. State*, 229 S.W.3d 716, 721 (Tex. App.—San Antonio 2007, no pet.).

## B.  Reasonable Expectation of Privacy

The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV; *Terry v. Ohio*, 392 U.S. 1, 8 (1968); *Bouyer v. State*, 264 S.W.3d 265, 269 (Tex. App.—San Antonio 2008, no pet.). "[W]herever an individual may harbor a reasonable 'expectation of privacy,' he is entitled to be free from unreasonable governmental intrusion." *Terry*, 392 U.S. at 9 (citation omitted) (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)). To have standing to contest a governmental search and seizure and "seek[] to suppress evidence obtained in violation of the Fourth Amendment[, a defendant] must first show that he personally had a reasonable expectation of privacy that the government invaded." *See Kothe*, 152 S.W.3d at 59; *Aragon*, 229 S.W.3d at 721.

A person may have a reasonable expectation of privacy in his automobile, although this expectation is distinct from that recognized in a person's home or office. *See S. Dakota v. Opperman*, 428 U.S. 364, 367–69 (1976). However, a trespasser generally does not have a reasonable expectation of privacy on property upon which he has trespassed, and therefore lacks standing to challenge the legality of governmental search or seizure thereon. *See Douglas v. State*, 695 S.W.2d 817, 820 (Tex. App.—Waco 1985, pet. ref'd); *Welch v. State*, No. 03-99-00388-CR, 2000 WL 45546, *2 (Tex. App.—Austin Jan. 21, 2000, no pet.) (mem. op., not designated for publication).

## C. Criminal Trespass

A person commits the offense of criminal trespass "if the person enters or remains on or in property of another . . . without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2012); *accord Salazar v. State*, 284 S.W.3d 874, 876 (Tex. Crim. App. 2009).

> "Notice" means: (A) oral or written communication by the owner or someone with apparent authority to act for the owner; (B) fencing or other enclosure obviously designed to exclude intruders . . . ; (C) a sign or signs posted on the property or at the entry to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden; [or certain markings or crops on the property as specified by section 30.05(b)].

TEX. PENAL CODE ANN. § 30.05(b)(2); *accord Salazar*, 284 S.W.3d at 876. With this notice requirement, the legislature clearly intended "to prevent an innocent trespass upon the 'property' of another from incurring criminal liability. For example, where one innocently trespasses upon the unfenced and unposted land of another, no criminal offense would be committed." *Day v. State*, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975), *disapproved of on other grounds by Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007); *accord Tex. Dep't of Pub. Safety v. Axt*, 292 S.W.3d 736, 740 (Tex. App.—Fort Worth 2009, no pet.).

## D. Analysis

The determination of whether Appellee was trespassing was a question that turned on the trial court's evaluation of Investigator Massingill's credibility and demeanor. *See Valtierra*, 310 S.W.3d at 447; *Guzman*, 955 S.W.2d at 89; *Martinez*, 275 S.W.3d at 34. Because the trial court granted Appellee's motion to suppress, we must assume it impliedly found that Appellee was not a criminal trespasser, she had a reasonable expectation of privacy in her vehicle, and therefore had standing to challenge the search of her vehicle. *See Valtierra*, 310 S.W.3d at 447; *Martinez*,

275 S.W.3d at 34. Viewing the evidence in the light most favorable to the trial court's ruling, we must determine whether the record supports the implied finding that Appellee was not a criminal trespasser. *See Valtierra*, 310 S.W.3d at 447; *Martinez*, 275 S.W.3d at 34.

The record contains no evidence that Dimery or someone with apparent authority to act on her behalf communicated to Appellee that entry was forbidden. *See* TEX. PENAL CODE ANN. § 30.05(b)(2)(A); *Salazar*, 284 S.W.3d at 876. The record is also devoid of evidence that Dimery's property contained a fence or other enclosure. *See* TEX. PENAL CODE ANN. § 30.05(b)(2)(B); *Salazar*, 284 S.W.3d at 876. Although the record indicates that at the time of Appellee's arrest there were two "No Trespassing" signs on Dimery's property, there is no evidence that the signs were posted in a manner "reasonably likely to come to the attention of intruders." *See* TEX. PENAL CODE ANN. § 30.05(b)(2)(C); *Salazar*, 284 S.W.3d at 876. In fact, Investigator Massingill testified that he was not aware that the "No Trespassing" signs existed until just days before the hearing. Therefore, we conclude the record supports an implied finding that Appellee lacked the requisite notice for the offense of criminal trespass, and thus was not a criminal trespasser.

The State's only challenge to Appellee's standing is based on its assertion that she was a criminal trespasser, and as such had no reasonable expectation of privacy while on Dimery's property. *See Douglas*, 695 S.W.2d at 820. Because we give "almost total deference" to the trial court's implied finding that Appellee was not a criminal trespasser, we overrule the State's assertion that Appellee lacked standing to challenge the legality of Investigator Massingill's search of her vehicle. *See Valtierra*, 310 S.W.3d at 447; *Guzman*, 955 S.W.2d at 89; *Martinez*, 275 S.W.3d at 34.

## LEGALITY OF THE SEARCH

The State next argues that the trial court erred in granting Appellee's motion to suppress because the search of Appellee's vehicle was lawful. Specifically, the State asserts that Investigator Massingill had probable cause to arrest Appellee for criminal trespass, and thus could properly search Appellee incident to her arrest. Appellee contends that "[t]he State cannot now allege that there was probable cause to arrest Appellee for criminal trespass when the State took the position at the suppression hearing that there was insufficient probable cause for such an arrest." We agree with Appellee that the State's probable cause issue is not properly before us.

It is well settled that "if the argument presented on appeal is not the same as the objection raised at trial, no error is preserved and review is waived." *See Reed v. State*, 227 S.W.3d 111, 117 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see also Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (citing TEX. R. APP. P. 33.1(a)(1)(A)). At the hearing on Appellee's motion to suppress, the State conceded that Investigator Massingill "probably lacked probable cause to arrest" Appellee for trespassing. However, the State argues on appeal that Investigator Massingill had probable cause to arrest Appellee for criminal trespass. Because the record establishes that the State conceded Investigator Massingill lacked probable cause to arrest Appellee, and then abandoned this argument, it may not raise the issue on appeal. *See Heidelberg*, 144 S.W.3d at 537; *Reed*, 227 S.W.3d at 117. We overrule this issue.

## CONCLUSION

Viewing the evidence in the light most favorable to the trial court's ruling and assuming the trial court made implicit findings of fact to support its ruling, we conclude that the record supports the trial court's implied finding that Appellee was not a trespasser, and thus had standing to challenge the legality of Investigator Massingill's search of her vehicle. Furthermore, we determine that the State failed to preserve for appeal its argument on probable

cause. Accordingly, we affirm the trial court's order granting Appellee's motion to suppress evidence.

Patricia O. Alvarez, Justice

DO NOT PUBLISH